(31 Misc. Rep. 460.)

## KUBIE v. MILLER BROS. & CO. et al.

(Supreme Court, Appellate Term. May 1, 1900.)

1. DEFAULT JUDGMENT—INSOLVENTS—VACATION BY RECEIVER.

A firm sold plaintiff's assignor goods on an understanding that, if the goods did not sell well, the firm would accept a return, and repay plaintiff whatever moneys he had expended; and subsequently an agreement was made for a return of the greater portion of the goods. Thereafter plaintiff sued the firm, which was insolvent at the time and made no answer, and judgment was taken. The complaint in the action was on account stated, but it appeared by plaintiff's affidavit that the firm had agreed to accept a return of 210 gross of the goods, and pay thereon the sum claimed. Such amount of goods had not been returned, and, the greater portion having been destroyed, plaintiff had collected the insurance. A receiver of the firm, believing plaintiff indebted to the firm, sued plaintiff, and the judgment against the firm was pleaded as a bar. Held, that the judgment against the firm should have been vacated, as excessive, on motion by the receiver.

2. JUDGMENT—VACATION—REFUSAL—APPEAL.

An order denying a motion to vacate a judgment is an order affecting a substantial right, and appealable to the appellate term of the supreme court from the general term of the city court of New York, under Code Civ. Proc. § 1342, providing that such an appeal may be taken from an order affecting a substantial right.

Appeal from city court of New York, general term.

Action by Isaac Kubie against Miller Bros. & Co. and Alexander B. Smith, receiver. From an order of the general term of the city court of New York affirming an order of the special term denying a motion to vacate a judgment (62 N. Y. Supp. 1140), defendant Smith appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Stiefel & Lauer, for appellant.
Einstein & Townsend, for respondent.

PER CURIAM. This is an appeal from an order of the general term of the city court affirming an order of the special term denying the motion of Alexander B. Smith, as receiver of Miller Bros. & Co., to vacate and set aside a judgment obtained upon default by the plaintiff, Kubie, against said Miller Bros. & Co. There was submitted to this court at the same time a motion to dismiss the appeal. ·

In December, 1886, Miller Bros. & Co. consigned to the firm of Phillipp Bauer & Co., of Hamburg, 250 gross of metal polish, upon an arrangement which involved an agreement on the part of Miller Bros. & Co. that, in case the polish did not sell readily, they would accept a return of the goods, and repay Bauer & Co. whatever moneys they had expended. The goods apparently did not sell well, for in November, 1897, the parties are said to have agreed upon a return of the greater portion thereof. On January 19, 1898, the plaintiff, Kubie, the local representative of Bauer & Co., and claiming under an assignment from them, began an action against Miller Bros. & Co. for the sum of $836.95, with interest, and, no answer having been interposed, entered judgment on January 26th for $865.97. Miller Bros. & Co. were apparently insolvent at the time, and on April 7, 1898, in an action brought in this court, the appellant, Alexander B. Smith, was appointed receiver. Before the entry of Kubie's judgment, several other judgments had been entered against Miller Bros. & Co., and their property had been levied upon and sold under execution. The appellant receiver, ascertaining, as he believed, that the firm of Phillipp Bauer & Co. was in fact indebted to said Miller Bros. & Co. on account of the transaction regarding the consignment of metal polish, began an action against them, to which an answer was interposed setting up, as an adjudication and a bar, the judgment recovered by Kubie against Miller Bros. & Co., which had been assigned to Bauer & Co., who were the real parties interested therein. It is manifest that, so long as that judgment stands, it is an effectual bar to the recovery of any judgment against Bauer & Co. upon the cause of action stated by the receiver, and in order to remove this bar he moved in the city court to vacate the judgment. He does not ask to be substituted in place of Miller Bros. & Co. as defendant, nor to be allowed to come in and defend, nor to serve any proposed answer. On the contrary, it very clearly appears that he has no intention of defending the action, but merely wishes to get the judgment out of the way as a defense to his affirmative action against Bauer & Co. It is not necessary to consider Kubie in the matter, for he clearly acted only as the representative of Bauer & Co.; having received an assignment of the

64 N.Y.S.—29

claim merely for the purpose of obtaining a judgment, which he at once assigned back to his principals, the real parties in interest. The judgment was, in effect, obtained by consent of Miller Bros. & Co., who had already become insolvent, and consequently had no interest in defending the action. From the papers before us, it seems probable that it might have been successfully defended. The complaint alleged an account stated between Bauer & Co. and Miller Bros. & Co., upon which the latter was found to be indebted to the former in the sum of $836.95. It appears, however, from an affidavit made by Kubie, that what really happened was that Miller Bros. & Co. agreed to accept a return of 210 gross of the goods, and, upon such return, to pay the sum stated. He does not allege, however, and it does not appear, that this amount of goods was ever returned to Miller Bros. & Co. They seem to have been shipped from Hamburg, but the greater portion was lost or destroyed in transit, and it is said that Bauer & Co. collected the insurance thereon. All that appears to be accounted for are 206 cases, containing one-fourth gross each, or $51\frac{1}{2}$ gross in all, which, upon arrival in this country, were levied upon by the sheriff under an execution issued upon the judgment now sought to be vacated, and sold for $133.90; the proceeds being ultimately paid over to the receiver, under the order of this court. It is apparent, if the facts set forth by the papers are true, that whether the receiver can recover an affirmative judgment against Bauer & Co., or not, at least their judgment is much larger than it ought to be,—especially if, as alleged, they have collected the insurance on a considerable proportion of the goods. The other creditors have a right (which the court should, if possible, protect) to have Bauer & Co.'s judgment and consequent dividend cut down to their proper proportion. A very similar application came before the general term of this court, in Seligman v. Trading Co. (Sup.) 5 N. Y. Supp. 681. In that case a receiver appointed in proceedings supplementary to execution moved to vacate a judgment entered upon confession. He did not ask to be substituted as defendant. The court held that his application should be entertained. It drew a distinction between such a case and one in which a judgment was attacked on the ground of fraud, pointing out that in such case the judgment could be attacked only by an action. With reference to a motion like the present the court said:

"But the judgment against which the receiver in this case endeavored to obtain relief was entered on confession, and it has been the practice of courts at all times to interfere in the way of vacating, modifying, or reducing such judgments by way of motion, and at the instance of other parties whose interests or rights may be shown to require protection against the judgment."

To the same effect are Chappel v. Chappel, 12 N. Y. 215; Bank v. Doty, 11 Civ. Proc. R. 141; Utter v. McLean (Sup.) 6 N. Y. Supp. 281. As was said by the court of appeals in Ladd v. Stevenson, 112 N. Y. 325, 19 N. E. 842:

"The whole power of the court to relieve from judgments taken through 'mistake, inadvertence, surprise, or excusable neglect,' is not limited by section 724 of the Code of Civil Procedure; but, in the exercise of control over its judgments, it may open them, upon the application of any one, for suffi-

cient reason, in the furtherance of justice. Its power to do so does not depend upon any statute, but is inherent, and it would be quite unfortunate if it did not possess it to the fullest extent."

We are not dealing here with the question whether relief should be granted to the judgment debtors, but whether their creditors should be allowed to litigate a claim which the debtors themselves, having no interest in the question, admitted without litigation. The claim has never been submitted to judicial scrutiny, and, in our opinion, it should be so submitted. Bauer & Co. can lose nothing to which they are really entitled. Their judgment against the corporation is worthless, except as a basis for a dividend out of the assets. That dividend should be based alone upon the true amount of their claim, if they have any claim at all, and that true amount can be litigated and ascertained in the action brought against them by the receiver.

The order of the city court was appealable to this court. The order certainly affected a substantial right, and therefore falls within the provisions of section 1342 of the Code of Civil Procedure; and we can therefore hear the appeal, even although the order appealed from involved to some extent the exercise of discretion on the part of the court below.

Order appealed from reversed, with costs, and motion granted, with $10 costs, and motion to dismiss appeal denied, with $10 costs.