HUCK-GERHARDT COMPANY, v. AUGUST PARRECA ET UX.

Decided May 16, 1931.

Before Justice PARKER (at chambers).

For the plaintiff, *Sydney T. Smith.*

For the defendants, *Winfield S. Angleman.*

The defendants executed a written contract with the plaintiff, dated May 31st, 1930, for the erection by plaintiff of a porch enclosure, plaintiff to furnish all labor and material. The price agreed was $490. At the same time they executed the bond and warrant on which this judgment is based. Considerable testimony was taken by deposition on the question of defendants having been induced to sign this contract by fraudulent misrepresentation of its contents, and similarly with regard to the execution of the separate bond and warrant which are the basis of the present judgment; but the proofs do not satisfy me that any of these documents was fraudulently obtained. Consequently the case will be considered on the theory that so far as execution is concerned, all are valid in law.

The bond and warrant are regular on their face and are not attacked in that regard, except as to attorney's fee, presently to be considered. The affidavit required by section 11 of the Bond and Warrant act (*Comp. Stat., p. 221*) is, however, challenged. The section requires an affidavit "of the true consideration of the bill, bond, deed, note, or other instrument of writing, or demand for which the said judgment shall be confessed." The affidavit in this case states that the true consideration of the bond "was and is the furnishing of or obligation to furnish labor and materials for the erection and installation of a certain porch enclosure on the property of the obligors, by the obligee Huck-Gerhardt Company, Incorporated, pursuant to a certain written contract between the parties for the agreed or stipulated price or sum of $490 that a default has been made by the obligors, in the payment of the indebtedness represented by the said bond upon the date therein fixed for its payment; that the amount actually due hereunder in the sum of $563.50," &c.

The contract is lengthy, and contains provisions, the substance of which is as follows:

1. The plaintiff to do the work and furnish materials as stipulated.

2. Defendants agree to pay "at once, upon the execution hereof and in consideration of the undertakings" of plaintiff, the sum of $490; provided, that in the execution of a bond and warrant of attorney, the plaintiff if judgment be entered thereon will accept $130 down and the balance in twenty-four monthly installments of $15 each; and in case of any default in payment, plaintiff may proceed to levy and sell.

The depositions show that the plaintiff delivered the material at the job, and that a workman who went there to erect the porch enclosure was stopped by defendants. This seems to have been in the latter part of June; the judgment was entered on July 18. Defendants admit the refusal to let the work be done. The material has never been removed.

It will be observed that the contract is so drawn as that payment is to be made in advance, unless by entry of a judgment the plaintiff is secured for the price. This seems to differentiate the present case from *Modern Security Co.* v. *Fleming,* 6 *N. J. Mis. R.* 730; 142 *Atl. Rep.* 649. I can see nothing illegal about a contract to pay in advance for work to be done, which, under certain business conditions, is common enough; nor can I see anything illegal about giving security in advance to a prospective creditor. A mortgage to secure future advances is lawful. *Reed* v. *Rochford,* 62 *N. J. Eq.* 186; *Lanahan* v. *Lawton,* 50 *Id.* 276, 796; 41 *Corp. Jur.* 462. And the Court of Errors and Appeals has held that if there is a debt in existence at the time of the making of the affidavit, it will support a confessed judgment. *Gaskill* v. *Buckman,* 53 *N. J. L.* 665, adopting the opinion by Mr. Justice Garrison printed later in 95 *Id.* 14. In the present case the debt was actually due and matured under the contract before the judgment was entered, and it was not even necessary to depend on a default, as in *State Mutual Building and Loan Association* v. *Batterson,* 77 *Id.* 57. I see no infirmity in the statement of the "consideration" for

the judgment as contained in the affidavit. Either the furnishing of the labor and materials or the obligation to furnish them will support the judgment, and the latter consideration had admittedly passed to defendants. The case of *Harwood* v. *Hildreth*, 24 *Id.* 51, is not controlling, for there the bond itself incorporated a contract by reference, and the contract was also under seal, which is not the case here. Nor was it necessary to incorporate the contract in the affidavit, which fairly states the foundation of the bond.

The point relating to attorney's fee of fifteen per cent., is, however, well taken. Our statute relating to bonds and warrants (*Comp. Stat., p.* 219 *et seq.*), does not recognize any such right in the plaintiff. Counsel have furnished me with a copy of an unreported opinion by Mr. Justice Donges, then a Circuit judge, in a case entitled Globe Automatic Sprinkler Co. *v.* Small, wherein he supported a contract provision for an attorney's fee as a stipulated item of liquidated damages in case of breach. That case does not seem to be in point. In the present case the bond calls for "$490 with legal interest and attorney's commission of fifteen per cent." Our statute (*supra*) provided specifically by section 13 (*Comp. Stat., p.* 222) that "the following, and no other fees shall be allowed." Then follows a list of fees, totaling four dollars. The amount of "costs of suit" in the judgment before me is ten dollars, doubtless due to later statutory changes which I have had no time to search out. But the expressed statutory policy is clear. *Eaken* v. *Smith*, 21 *N. J. L.* 97. It follows that the true amount due is $490, perhaps with interest from date of default, and $10 costs. As the face of the judgment is the penalty of the bond, or $980, the judgment itself is not vitiated, and the real amount due may be corrected on the execution. *State Mutual* v. *Batterson*, 77 *Id.* (at *pp.* 58, 59). Upon such correction being made, the rule to show cause will be discharged. But as defendants are successful in part, no costs of this motion should be awarded to either party.