JOSEPH RHOADS, Receiver of Tabasso Homes, Inc., a Corporation of the State of Delaware, v. ANDREW E. MITCHELL.

(*January* 7, 1946.)

RODNEY, J., sitting.

*William Poole* and *Samuel F. Keil* for Receiver.

*Leslie H. Gluckman* for Andrew E. Mitchell.

Superior Court for New Castle County, Judgment No. 685, November Term, 1941.

RODNEY, J., delivering the opinion of the Court:

The main question to be considered in this case is as to whether the instrument upon which the judgment was entered was such an instrument as would, under the laws of Delaware, authorize a judgment by confession to be entered thereon. Before considering this question, however, two antecedent questions raised by the plaintiff in the judgment in his motion to dismiss the rule must be disposed of.

1. Is the receiver the proper person to bring forward the motion to vacate the judgment against the corporation?

2. Could the motion to vacate the judgment be sustained in view of the lapse of time between the entry of such judgment and the motion?

1. The discussion of this question does not involve the consideration of the right of a receiver to relitigate in another forum the merits of an action which had been determined against the corporation either before or after the receivership. Such question is annotated in 96 *A.L.R.* 485. Attention will only be directed to the right of a receiver of a dissolved corporation to question a judgment entered against such dissolved company by confession or default, where the application of the receiver is made in that court in which the judgment was rendered and exists. At this time I am only considering the right to make the application, and not the timeliness of it.

It is, of course, a general rule that none but

parties to a judgment can have it set aside. I *Freeman on Judgments,* 5th *Ed., Sec.* 258. It is manifest that third persons can not generally move to open or vacate a judgment. This rule in its general terms is subject to some exceptions. Where a person occupies the position of a successor to a judgment debtor, then, under some circumstances, such successor is entitled to seek the vacation of such judgment. So a judgment entered by confession against an obligor after his death, and beyond the term of court during which he died, will be vacated, and clearly this action could be taken by the personal representative of such deceased judgment debtor. *Woolley on Del. Practice, Sec.* 799. Upon the same principle I think the receiver of a corporation would be the proper party to seek the vacation of an allegedly void judgment against the corporation. Under *Section* 2075, *Revised Code of Delaware* 1935, a receiver may be appointed by the Chancellor for a corporation dissolved in any manner whatever. By the statute certain duties are enjoined on the receiver, and he is specially charged "to do all other acts which might be done by such corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation."

In 1 *Freeman on Judgments,* 5th *Ed., Sec.* 261, it is said "a receiver is a proper party to a motion to vacate a judgment against the insolvent." See also *Denton v. Merchants' National Bank,* 18 *Wash.* 387, 51 *P.* 473; *Denton v. Baker,* (8 *Cir.*) 79 *F.* 189, and on appeal (8 *Cir.*) 93 *F.* 46, 49; *Kubie v. Miller Bros. & Co.,* 31 *Misc.* 460, 64 *N.Y.S.* 448.

In the motion to vacate the present judgment it is shown that the motion is made with the consent and by the order of the Chancellor by whom such receiver was appointed. I am of the opinion that such receiver is the proper party to make such application.

2.   Is the application to vacate the judgment a timely one?

The judgment was entered December 30, 1941. Two weeks later, on January 14, 1942, 44 *Laws of Delaware,* c. 257, p. 681, the charter of the defendant company was repealed by proclamation of the Governor. On April 12, 1945, a receiver was appointed for the defendant, Tabasso Homes, Inc., and on July 23, 1945, the receiver was authorized and directed to file a petition to vacate the judgment now being considered. On July 26, 1945, the petition to vacate the judgment was presented, and rule thereon was issued.

In determining the timeliness of the application to vacate the judgment, specific attention will be directed to two considerations, (a) the manner by which the judgment was obtained, viz., by confession, pursuant to a warrant of attorney, and (b) the nature or character of the judgment as being one claimed to be invalid upon its face, and therefore void.

■■  It is entirely clear that a proceeding to vacate a judgment obtained by confession on warrant of attorney is not subject to that same limitation of time that prevails as to judgments regularly entered after service of process or trial. *Miles v. Layton,* 8 *W. W. Harr.* (38 *Del.*) 411, 193 *A.* 567, 112 *A.L.R.* 786. As to judgments obtained by confession on warrant of attorney, there is no definite limitation of time operating on remedial process, but such time will be considered in connection with all other features of the case. Time may be an element, but not necessarily the controlling one, and with it will be considered material changes in the condition or position of the parties.

The petitioner contends the judgment in question is absolutely invalid when considered in connection with the warrant of attorney pursuant to which it was entered. For

the present consideration of the question of laches we will consider it so. If the judgment prove to be invalid, then it may without detriment be so considered in this discussion; if not invalid on its face, it will not be seriously affected by this motion to vacate for it is only as to judgments invalid upon inspection or upon application of rules of law that motions to vacate are directed.

In 3 *Freeman on Judgments*, 5th *Ed., Sec.* 1341, it is said: "ordinary limitations of time do not apply to the setting aside of a judgment void on its face."

In *Hendrix v. Kelley*, 4 *W. W. Harr.* (34 *Del.*) 120, 143 *A.* 460, the invalidity of a judgment in a mechanics' lien case was apparent upon the face of the record. A motion to vacate the judgment almost two years after its entry was granted. See cases therein cited.

In *Romberger v. Romberger*, 290 *Pa.* 454, 139 *A.* 159, 160, a judgment invalid upon its face was stricken off some two and a half years after its entry. The Court said: "no laches can run against a void judgment, which is a mere blur on the record * * *."

In *Re Galli's Estate*, 340 *Pa.* 561, 17 *A.* 2d 899, 903, the Court quoted from *Haverford Township School District v. Herzog*, 314 *Pa.* 161, 171 *A.* 455, in speaking of an invalid judgment, "* * * the passage of time, however great, does not enter into a consideration of its validity."

In *Gimbel Bros. v. Corcoran*, 192 *A.* 715, 716, 15 *N.J. Misc.* 538, the Court said a void judgment might be vacated at any time, and that "laches or estoppel are never invoked in support of an invalid proceeding or a void judgment."

I am of the opinion that if the judgment be in fact invalid and void on its face, the mere lapse of time, under the circumstances of the case, constitutes no bar to proceedings for the vacating of such judgment.

I now come to the question of primary importance, viz., the validity of the judgment itself.

In *General Contract Purchase Corporation v. Max Keil Real Estate Co.,* 5 *W.W.Harr.* (35 *Del.*) 531, 170 *A.* 797, 799; this Court had occasion to consider many features concerning the entry of judgments by confession on warrants of attorney, and substantially all of the pertinent statutory provisions of Delaware were there discussed. I shall not retread that ground. In the cited case it was shown that the power and practice of an attorney of the Court to appear and confess judgment pursuant to a valid warrant of attorney therefor does not rest upon a statute, but upon ancient practice or custom and the common law. In the present case the appearance for defendant and confession of judgment was made by an attorney of the Court, and no statute seems to have particular relevancy. The practices of Delaware and Pennsylvania have many points of similarity, but some differences. In both, the authority of the Prothonotary to enter judgments without the intervention of an attorney is statutory, but in neither is there statutory provision for the authority of an attorney. In Pennsylvania, when judgment is entered by an attorney, as distinguished from an entry by the Prothonotary, such action is taken in form by an amicable action, but the authority to enter into the amicable action is furnished by the warrant of attorney; in Delaware the form of the amicable action is not used, but the judgment entered directly by virtue of the warrant of attorney either with or without declaration filed. See *Klein Judgment by Confession in Pennsylvania*: *R. S. Noonan, Inc. v. Hoff,* 350 *Pa.* 295, 38 *A.*2d 53.

From the Delaware cases certain general principles may be clearly drawn, (a) the warrant authorizing the confession of judgment will be strictly construed and the judgment confessed must be in strict conformity with

the warrant. *Woolley on Del.Prac., Sec.* 793; (b) the obligation and warrant must be under seal, *Slaughter v. Provident Sav. Bank of Preston, Md.*, 2 Boyce 333, 80 *A*. 243; (c) the obligation must be for a sum certain or which can be made certain.

From an inspection of the paper here involved, and including the warrant of attorney, it would seem to be a bid or offer on the part of Mitchell, the judgment creditor, to do certain work on three several houses at a stipulated price of $1,345 per house. It was addressed to the President of the obligor, the defendant company, and it is signed by such President and sealed with the corporate seal. It must be construed to be a bid or offer by Mitchell to do the work, and an acceptance of such offer by Tabasso Homes, Inc.

With the bid or offer and acceptance is included the authority for any attorney to appear for the "Buyers" at any suit by Mitchell "on the obligation of the Buyers to pay the purchase price named herein" and "to confess judgment for the sum above stated or for any part thereof * * *." No question is raised as to the authority of the President to authorize the confession of judgment, and no express obligation to pay any specific sum of money can be found in the paper, other than can be drawn from the acceptance of the offer by Mitchell to do the work at the stipulated price.

██ ██ It is objected to the exercise of the warrant of attorney that the contract is executory in character and at the time of its execution no amount of obligation was due. I cannot say that a debt or other obligation must exist solely and with direct connection with the instrument containing the warrant of attorney. We have the familiar instance of a bond given as collateral security for an existing debt and judgment entered on the warrant of attorney contained therein.

■ ■ A warrant of attorney to confess judgment may furnish substantial provision for collateral security for the payment of a debt, or the performance of an obligation due at the time of the execution of the warrant, or to become due in the future. Where the warrant to confess judgment is without limit of time there is no necessity to await the maturity of the obligation before the entry of judgment. *Pacific Lumber Co. of Illinois v. Rodd,* 287 *Pa.* 454, 459, 135 *A.* 122. The failure to precisely set down the real debt is not jurisdictional. *State v. Donahoe,* 5 *Penn.* 278, 63 *A.* 643.

■ Carefully avoiding all questions of priority of judgment or of lien, but considering only the existence of the judgment, as such, it cannot be said that a bond or other obligation may not be given and judgment entered by confession on warrant of attorney, to cover future advances, or future work or future obligation. *O'Connor v. Caplan,* 12 *Del.Ch.* 72, 106 *A.* 48; *Huck-Gerhardt Co. v. Parreca,* 154 *A.* 870, 9 *N.J.Misc.* 563; *Holden v. Bull,* 1 *Pen & W.,* (*Pa.*) 460. In such category may fall official obligations and contractor's bonds.

■ There are at least two species of judgments that can be obtained by confession upon warrants of attorney. One is the ordinary judgment, where the obligation is to pay a specific sum determinable from the instrument, and judgment is entered for the amount so determined. Another species is a judgment for a condition other than the payment of money, or where judgment is entered for a penalty. The difference lies not in the manner by which the judgment is entered, but in the amount of such judgment, and in the method by which the judgment is enforced. In the ordinary judgment an execution, if not stayed, may be issued upon the breach of the specified condition, and for the amount truly due, which has been ascertained. Where,

however, judgment is obtained for a condition other than the payment of money or for a penalty, a different condition exists. At common law execution issued for the penalty subject to the interference of a Court of Equity if more than the damages actually sustained was sought to be exacted. To obviate the necessity of a resort to Equity, in England the statute of 1696 (8 & 9 Wm. III, c. 11) was passed, and similar or analogous provisions are found in Chapter 139, *Revised Code of Delaware* 1935. By those statutes methods of assigning breaches and ascertaining the true damages were provided in the case of all judgments entered by default, or on demurrer, or otherwise than by verdict of a jury. By the express language of one section of our statute, Sec. 4967, such provisions, however, were declared inapplicable to judgments obtained by confession on warrant of attorney, leaving the procedure as to such judgments as it had been at common law. *Woolley Del. Prac., Sec.* 792; *Staats v. Herbert,* 4 *Del.Ch.* 508; *Lieberman v. First National Bank of Wilmington,* 8 *Del.Ch.* 229, 268, 40 *A.* 382.

A careful examination of the present instrument does not disclose any express obligation of Tabasso Homes, Inc., other than to pay the cost of the work done by Mitchell when and after he shall have performed the contract on his part, in full compliance with the terms. Whether or not the work was ever done, or any material furnished, or the manner of performance, are none of them shown by the contract or the judgment. With the acceptance of the contract was this warrant of attorney to confess judgment. This judgment, when confessed, must stand in the nature of a penalty, operating, as affecting the defendant itself, as security for such sum as was or became actually due under the contract. In that view, and on the application of the receiver of the obligor, the judgment cannot be

said to be invalid and so be vacated if, in fact, the work was done or the materials furnished according to the contract. The case of *Roman Automobile Co. v. Miller*, 5 *Boyce* 586, 95 *A.* 654, is not inconsistent with the views herein expressed. In that case it was expressly determined that no penalty was found in the instrument for which the judgment was entered, and that no amount of the judgment was ascertainable from said instrument. The judgment being, in my opinion, entered for the penalty and as security for the amount which may become due under the contract, then the amount which has become actually due on that judgment may be ascertained in various ways upon the application of either party.

A modern and recent tendency to include a warrant of attorney for the confession of judgment in instruments in which it may have no proper place, and under conditions where its existence can not reasonably be known, calls for some passing comment. Over a century ago the Chief Justice of New Jersey said that judgment by confession on warrant of attorney was "the loosest way of binding a man's property that ever was devised in any civilized country." *Diament v. Alderman*, 7 *N.J.L.* 197.

Many jurisdictions have, by statute, either abolished judgments by confession on warrants of attorney, or subjected them to varying regulations. This was the case in England from whence came our original practice. See 10 *Halsbury's Laws of England (Hailsham's* Ed.) 208, and Vol. 18, page 224. In some instruments even when the existence of the warrant of attorney is known its actual presence is hard to determine, so carefully is it hidden in what has been called "the maze or jungle of fine print." Some regulation of the use of warrants of attorney for the confession of judgments calls for legislative action at least

to the extent that it may not be executed in ignorance of its very existence.

An appropriate order will be signed in conformity with this opinion.