LOLA C. SZYMANSKI and HARTFORD ACCIDENT AND INDEMNITY COMPANY OF HARTFORD, CONNECTICUT, a corporation of the State of Connecticut, v. JAMES F. HEARN, Coroner of New Castle County and State of Delaware, GRACE C. BUCHANAN, Trustee Ad Litem, and MORRIS KREITZ, LAMON KREITZ, WARREN C. KREITZ and ALBERT KREITZ, Co-partners trading and doing business as MORRIS KREITZ AND SONS.

(*October* 12, 1948.)

LAYTON, J., sitting.

*Victor J. Colombo* for Petitioners.

*John P. Sinclair* (of Southerland, Berl and Potter) for Defendants.

Superior Court for New Castle County, Civil Action, 1948.

LAYTON, J.

An examination of the authorities discloses that, until comparatively recently, when judgments were entered upon warrant of attorney for a penalty, the condition being for the performance of some collateral undertaking rather than for a sum certain, Defendant's only recourse was to remain idle until such time as execution might be issued for a larger amount than the damages sustained, at which time he could seek relief in Equity. Woolley, Delaware Practice, Sec. 792. *Staats v. Herbert,* 4 *Del.Ch.* 508. To me, such a practice seems peculiarly inept. Moreover, in many cases it operates as a hardship upon the Defendant. I am of the

opinion that, upon application in a proper case, the Court in which the judgment is entered, should have the inherent power to order it opened for the purpose of ascertaining the correct amount due. There is authority for the conclusion here reached. *Rhoads v. Mitchell,* 4 Terry 343, 47 *A.* 2d 174.

The judgment here will be re-opened and the issue as to the amount due submitted either to the Court or jury as counsel may elect.