**ARCHITECTURAL CABINETS, INC.,**
Plaintiff,

v.

**Donald S. GASTER, Defendant.**

Superior Court of Delaware,
New Castle.

Dec. 8, 1971.

Sotiere S. Kapsalis, Wilmington, for plaintiff.

Daniel L. Twer, of Morris, James, Hitchens & Williams, Wilmington, for defendant.

STIFTEL, President Judge.

Architectural Cabinets, Inc. (plaintiff) is a plastic fabricator in the business of manufacturing kitchen cabinets, counter tops, sink tops, bathroom vanities and associated items. Donald S. Gaster (defendant) is a general contractor and partner in the ownership of Cliff House Apartments, 2016 Naaman's Road, Wilmington, Delaware.

On April 23, 1969, and June 3, 1969, defendant placed orders with the plaintiff and on each occasion signed the order which authorized entry of a self-confessed judgment against him on payment default. Defendant contends that at the time he placed his orders with the plaintiff he believed the documents to be only order forms setting forth the price and a description of the goods ordered.

After delivery of the items ordered, plaintiff requested payment of the purchase price from defendant. Upon default in payment, plaintiff entered judgments by confession pursuant to warrants of attorney on January 15, 1971, in the amounts of $1,308 and $3,504, representing the balance due.

On March 11, 1971, plaintiff requested the issuance of an execution writ on the goods and chattels of the defendant located at the Cliff House Apartments. On March 19, 1971, defendant moved for an order vacating the confessed judgments and for an order staying levy, sale or any execution proceedings. The Court ordered that any sale pursuant to such levy be stayed pending the outcome of this motion to vacate.

█ Defendant contends that the confession of judgment clause is unconscionable within the meaning of 5A Del.C. § 2–302 and that the judgments should be vacated and that plaintiff be left to a suit remedy. Title 5A Del.C. § 2–302 provides:

"§ 2–302. *Unconscionable contract or clause*

"(1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."

The Delaware Study Comment is clear that the basic test is "whether, in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract." 5A Del.C. § 2–302, Delaware Study Comment.

The use of confession of judgment clauses is an established practice in commercial dealings in Delaware. In Rhoads v. Mitchell, 4 Terry 343, 47 A.2d 174

(Del.Super.), a motion to vacate was denied where a confessed judgment clause was contained in a contract for the installation of plumbing, heating and kitchen and bathroom fixtures. The Court said that the practice of an attorney appearing and confessing judgment pursuant to a valid warrant obtained in the course of a commercial transaction rested upon "ancient practice or custom and the common law." Rhoads v. Mitchell, 47 A.2d 174, 178; see also, General Contract Purchase Corporation v. Max Keil Real Estate Company, 5 W.W.Harr. 531, 170 A. 797 (Del. Super.).

The extent to which confessed judgments are an integral part of commercial dealings in Delaware is indicated by the Legislature's response to a recent court decision. On May 13, 1971, a three-judge panel of the Federal District Court for the District of Delaware found the confessed judgment provision of the Delaware Code (10 Del.C. § 2306) to be unconstitutional "for the reason that it fails to afford notice of, and right to a hearing . . ." (See Osmond v. Spence, D.C., 327 F.Supp. 1349).[1]

■■■ Established as reasonable provisions in commercial transactions in Delaware by our courts and our legislature, confession of judgment clauses are not in themselves unconscionable. § 2–302, however, deals with the "prevention of oppression and unfair surprise" in commercial transactions. See 5A Del.C. § 2–302, Delaware Study Comment. In *Rhoads, supra,* while upholding the use of confession of judgment clauses, this Court commented that "judgment by confession on warrant of attorney . . . [is] 'the loosest way of binding a man's property that was ever devised in any civilized country.'" *Rhoads, supra,* at 180, quoting Diament v. Alderman, 7 N.J.L. 197 (1824). The Pennsylvania Supreme Court in Cutler Corp. v. Latshaw, 374 Pa. 1, 97 A.2d 234,

236, graphically described the effects of confessed judgment clauses:

"A warrant of attorney authorizing judgment is perhaps the most powerful and drastic document known to civil law. The signer deprives himself of every defense and every delay of execution, he waives exemption of personal property from levy and sale under the exemption laws, he places his cause in the hands of a hostile defender. The signing of a warrant of attorney is equivalent to a warrior of old entering a combat by discarding his shield and breaking his sword."

Because a warrant of attorney authorizing judgment operates in such a one-sided way, the manner in which it appears in a contract may constitute unfair surprise or make it unconscionably oppressive within the meaning of § 2–302. See 1 Anderson, U.C.C. § 2–302:19, p. 405.

The defendant says the confessed judgment clause is unconscionable in this case because of the manner in which the confession clause was set out, which induced him to assume that the paragraph containing the confessed judgment was merely related to the ordering of goods.

Plaintiff's standardized order form was signed by the defendant. Essentially, the face of the form is divided into three parts. A heading, indicating the parties to the agreement, highlighted in capital letters, appears at the top of the form:

| SOLD TO | DATE |
|---|---|
| ADDRESS | DELIVERY |
| PHONE | SALESMAN |
| | Terms: Net 10 days |
| | ASSIGNEE |

The body of the agreement contains a list of the articles ordered by the defendant. The description of the goods is clearly hand printed in large block letters on the form, occupying a major portion (approximately three-fifths) of the document. The

1. On July 9, 1971, less than two months after this decision, the Governor of Delaware approved an Act amending Title

10 Del.C. § 2306 in order to correct the constitutional infirmities.

confessed judgment clause, placed between the heading and the body of the agreement, appears in the following paragraph:

"Gentlemen:

Please manufacture, furnish and deliver to location set forth below, and upon the terms and conditions set forth on both sides of this agreement all of which are expressly made a part hereof, the articles specified in the following schedule, at the prices set forth therein. If default shall be made in payment of the purchase price as herein set forth after the same becomes due, buyer does by these presents authorize and empower any attorney of any Court of Record in the United States or elsewhere to appear for buyer and confess judgment as of any term against buyer for the said purchase price herein set forth with costs of suit and attorneys commission in the sum of Fifteen (15%) per cent and release of all errors, and buyer does hereby waive the right of inquisition of real estate, and of all laws exempting real and personal property from levy and sale on execution."

Although a warrant of attorney may be within the vision of a party to a contract, it may be so placed "to be completely beyond . . . [the defendant's] contemplation of its purport." *Cutler, supra,* at 237. In *Cutler,* the Court refused to accept a warrant of attorney to confess judgment on the reverse side of a form contract as an acknowledgment that the confessed judgment clause was voluntarily accepted and consciously assumed. Placing a confessed judgment clause in the body of a contract in a deceptive manner, as in the present case, minimizes the importance of the clause even more than the conduct of including it with other additional terms on the reverse side of a form.

The confessed judgment clause is not separated from the other portions of the agreement and was not placed in a way to note special attention. In contrast to other sections highlighted on the face of the document, the confession clause is in small, hard to read print within a cramped six line paragraph. Placed between the heading and the body of the agreement, the entire paragraph containing the confessed judgment clause is obscured.

The confessed judgment clause causes unfair surprise in the manner it appears in the order blank and is unconscionable within the meaning of 5A Del.C. § 2–302.

Judgment is vacated.[2]

It is so ordered.

---

2. Another mechanic's lien action on this matter is presently in progress between the parties.