**CHEIDEM CORP., a Delaware Corporation, Assignee of Mary-Ellen Enterprises, Inc., a Delaware Corporation, Plaintiff,**

v.

**James L. FARMER, Dorothy J. Farmer, William M. Dungee and Doretha C. Dungee, Defendant.**

Superior Court of Delaware,
New Castle County.

Submitted April 22, 1982.

Decided July 6, 1982.

Joseph B. Green, of Green & Green, Wilmington, for plaintiff.

Gregg E. Wilson, Wilmington, for defendant.

O'HARA, Judge.

Plaintiff, Cheidem Corporation, is the assignee-obligee on a mortgage and judgment bond with warrant of attorney. The war-

rant does not contain any conditions precedent for exercise; neither delay nor default is necessary for execution. Plaintiff complained that defendants had breached a condition of the bond to make one joint monthly payment to plaintiff for both the mortgage it held as well as for an assumed mortgage on the property. Prior to the assignment, it had been the defendants' custom to forward the amount of payment for the assumed debt directly to the primary holder. Plaintiff, however, insisted on the method agreed to in the bond and refused to accept payment limited to the mortgage it held.

Plaintiff attempted to enter judgment by confession against defendants, James and Dorothy Farmer and William and Doretha Dingee, pursuant to 10 *Del.C.* § 2306(a) and Superior Court Rule of Civil Procedure 58.1, although no actual default had occurred.

A hearing was held to determine whether defendants had waived their right to notice before judgment. See 10 *Del.C.* § 2306(b). Plaintiff was reluctant to delve into the waiver issue and merely elicited testimony that defendants had legal counsel before signing the warrant. At this hearing, and over plaintiff's objection, the Court also considered the issue of whether the debt to plaintiff was in arrears. The Court decided that judgment could not be entered because the debt payments were current. On appeal, the Supreme Court reversed and remanded for consideration of such issues as whether judgment can be entered absent default, whether such entry is constitutional, and whether the Court can inquire into the status of the debt at the 10 *Del.C.* § 2306(b) waiver hearing.

Cognovit or confession of judgment is a common law device permitting a creditor to obtain judgment without trial of defenses. A confession of judgment is the written authority of the debtor and a direction for entry of judgment against him. It cuts off all defenses and right of appeal. *See* 47 Am.Jur., Judgments, § 1107 and 1 Wooley § 776 (1906) (hereinafter "Wooley"). Such devices have been recognized in Delaware statutes since the Code of 1852. The cur-

rent codification is found in 10 *Del.C.* § 2306(a):

§ 2306. Entry of judgment by confession.

(a) A judgment by confession may be entered by the Prothonotary, either for money due or to become due, or to secure the obligee against a money contingent liability, or both, on the application by the obligee or assignee of a bond, note or other obligation containing a warrant for an attorney-at-law or other person to confess judgment.

Confession can also be made in open Court under Superior Court Rule of Civil Procedure 58.2(a):

A judgment by confession may be entered in open court by the Superior Court either for money due or to become due, or to secure the obligee against a money contingent liability, or both, on the application by the obligee or assignee of a bond, note or other obligation containing a warrant for an attorney-at-law or other person to confess judgment.

 The cognovit instrument at issue here is a warrant of attorney.

If the judgment confessed be with respect to a pending action, it is simply termed a judgment by confession. If the judgment confessed be made in relation to no action actually begun, it likewise is a judgment by confession, but for the purpose of distinguishing it from the former class, is termed judgment on warrant of attorney. 1 Wooley § 776 at 539.

Thus, a warrant of attorney is a waiver of notice and a consent to entry of a stated sum based on an agreement between two or more parties. The courts honor these agreements by turning them into judgments under the statutory process. *Keystone Fuel Oil Co. v. Del-Way Petroleum, Inc.,* Del.Super., 364 A.2d 826 (1976). However, even though the defendant in a confession action has waived all defenses by contract, our courts are permitted to inquire into the validity of that waiver. 10 *Del.C.* § 2306(b) states:

A judgment by confession shall not be entered as a final judgment, effective in

all respects as a judgment after trial, until the Prothonotary gives written notice to the defendant-obligor by certified mail, return receipt requested, of an opportunity for a judicial determination as to whether the defendant-obligor understandingly waived his right to notice and an opportunity to be heard prior to the entry of final judgment against him. Thus, before judgment may be entered, the defendant has an opportunity to disprove the waiver and prevent entry.

The plain meaning of 10 *Del.C.* § 2306 permits entry of judgment for debts "to become due" upon the consent of the debtor. Cognovit provisions have been found to "serve a proper and useful purpose in the commercial world", *D. H. Overmyer Co. v. Frick Co.,* 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972), and exercise of a warrant to enter an unmatured debt has been upheld by Delaware courts. In *Rhoades v. Mitchell,* Del.Super., 47 A.2d 174 (1946), a question on the entry of judgment for a debt not yet due was answered affirmatively. The Court found that such a judgment was a form of security.

A warrant of attorney to confess judgment may furnish substantial provision for collateral security for the payment of a debt, or the performance of an obligation due at the time of the execution of the warrant, or to become due in the future. Where the warrant to confess judgment is without limit of time there is no necessity to await the maturity of the obligation before entry of judgment. *Id.* at 179.[1]

Thus, since the warrant *sub judice* does not contain any time or default conditions, it was subject to exercise prior to default under 10 *Del.C.* § 2306(a).

■ Confession of judgment statutes have been found not to be *per se* invalid and thus not constitutionally offensive. *D. H. Overmyer Co. v. Frick Co.,* supra; *Swarb v. Lennox,* 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972). However, due process requires that the consent involved in the warrant must be shown to be knowing, intelligent and voluntary. *D. H. Overmyer Co. v. Frick Co.,* supra. Although the *Overmyer* and *Swarb* cases involved judgments for debts already in default, the constitutional issue is identical: Can a party validly waive his right to notice and hearing before his property is encumbered by a lien?[2]

■ In *Overmyer,* the Court held that due process rights to notice and a hearing prior to civil judgment are subject to waiver. The Court cited *National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964) and *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), in further support of this principle. It analogized to the criminal standard for a valid waiver: a waiver must be voluntary, knowing, and intelligently made, *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), or an intentional relinquishment or abandonment of a known right or privilege, ·*Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The plaintiff bears the burden of showing that such a waiver has occurred under Civil Rules 58.1(d)(5) and 58.-2(b)(4)(II).[3]

---

**1.** "The practice in Delaware [under common law] is, that a judgment for the penalty, and where the condition is not for the payment of money, but for the performance of some collateral undertaking, the execution follows the judgment and the creditor proceeds at his peril, subject to the interference of a court of equity, if he takes execution before a breach has been committed, or after a breach, for a sum larger than the damage actually sustained." 1 Wooley § 792 (1906).

**2.** *See Osmond v. Spence,* D.Del., 327 F.Supp. 1349 (1971), vacated and remanded for reconsideration, 405 U.S. 971, 92 S.Ct. 1189, 31

L.Ed.2d 245 (1972), for a discussion of the constitutional infirmities of the previous Delaware Confession of Judgment statute which failed to provide a prejudgment waiver hearing. That statute was revised two months after the *Osmond* decision.

**3.** *Rule 58.1(d)(5):*
 "(d) The notice letter required by paragraph (a)(4) shall be mailed by the Prothonotary to each debtor by certified mail, return receipt requested, together with a copy of the affidavit required by 10 *Del.C.* § 2306(c). The notice letter, on a form supplied by the Prothonotary, shall contain the following information:

Delaware law also provides additional rights to the defendant. 10 *Del.C.* § 2306(j) provides:

Notwithstanding the opportunity for hearing provided in subsection (b) above the defendant-obligor will not be deemed to have waived the right to present defenses of which he had no knowledge at the time he signed the instrument containing a warrant of attorney to confess judgment, or which arose subsequent to the signing of such instrument. A stay of execution shall be automatically given on all judgments entered hereunder until the defendant-obligor is afforded an opportunity for hearing to present those defenses not deemed to have been waived. Prior to execution the Prothonotary shall serve notice to the defendant-obligor in the manner above provided for residents or nonresidents as the case may be, and such notice shall include a warning that defendant-obligor's property will be seized and sold or his wages attached on failure to appear.

Thus, even if consent is found to be valid after a 10 *Del.C.* § 2306(b) hearing, a defendant-obligor will not be held to have waived the right to present defenses he did not know he had at the time he signed the instrument or which arose subsequent to the signing of that instrument. These defenses, too, may be considered by the Court prior to entry of judgment or can stay a judgment already entered. Therefore, the Delaware statute meets the due process standard established in *Overmyer* and *Swarb* because it provides an express means for testing the validity of the waiver prior to entry of judgment.

If the consent to judgment prior to default is found valid, a defendant is protected from excessive judgments even though the statute does not expressly provide for inquiry into the amounts actually due. The Court has inherent power to ascertain the correct amount due in rendering judgment, *Szymanski v. Hearn,* Del.Super., 61 A.2d 656 (1948), and the defendant has recourse to equity for action against the obligee as described by Wooley, supra, note 1. Other judicial remedies are also available to a defendant should an excessive judgment be entered. The judgment may be opened through a Superior Court Civil Rule 60 motion. The burden on the defendant should not be onerous under this procedure because the motion is directed to the discretion of the Court and is decided in accord with principles of equity. *Sussex Finance Co. v. Goslee,* Del.Super., 82 A.2d 743 (1951). However, this procedure cannot be used to avoid the consequences of valid consent itself. *Keystone Fuel Oil Co. v. Del-Way Petroleum, Inc.,* supra. Further remedy, should a creditor attempt to use the confession of judgment procedure to harass a debtor, would lie in an action for abuse of process. *See* Prosser, Law of Torts, § 121 (1971).

 In this case, plaintiff was required to demonstrate that when the defendants signed the warrant, they understood that they were waiving their right to defend against entry of judgment before default had occurred. The plaintiff did not produce any evidence of defendants' understanding on this point. It merely elicited testimony that defendants were advised by counsel before signing. However, that same counsel successfully, if erroneously, maintained in this Court, that the statute did not permit entry of judgment before default. Thus, advice of counsel was not conclusive on the issue of knowing waiver.

* * * * * *

(5) That he may appear in Court, giving an address for said Court, on the second motion day following the date on which said notice letter was mailed, or any specified motion day subsequent thereto, at which time he may object to the entry of judgment and a hearing will be scheduled by the Court. At said hearing the plaintiff will be required to prove that the debtor has effectively waived his rights to notice and a hearing prior to the entry of judgment."

*Rule 58.2(b)(4)(II):*

"(b) Application for the entry of judgment by confession in open court shall be as follows:

(4) The plaintiff shall prove:

(II) The defendant obligor has effectively waived his constitutional rights concerning the entry of judgment and the right to execute thereon."

In addition, there was no evidence submitted on the issue of the voluntariness of the waiver. This issue was raised but not decided in *Overmyer*. Although the *Overmyer* Court concluded that cognovit judgments were not *per se* invalid, it noted that this decision must be tempered by a case by case approach. The validity of a waiver can be limited by findings that it resulted from an adhesion contract, from disparity of bargaining power, or that it was invalidated by a failure of a *quid pro quo* in exchange for the cognovit provision.[4] *Overmyer*, 455 U.S. at 188, 92 S.Ct. at 783–784.

Therefore, in light of these unresolved issues surrounding the waiver, this Court finds that the plaintiff did not demonstrate that defendants' waiver was knowing, intelligent and voluntary. Entry of judgment must be denied.

IT IS SO ORDERED.

4. This Court has scrutinized sales contracts and found them unconscionable where the cognovit provision was made obscure by its manner of placement. *Architectural Cabinets, Inc. v. Gaster*, Del.Super., 291 A.2d 298 (1971).