Hillsborough, } No. 3611.
Dec. 23, 1946. }

ARTHUR H. TODD *v.* RALPH W. DUNCKLEE.

*Thomas J. Leonard*, for the plaintiff.

*Robert J. Doyle* (by brief and orally), for the defendant.

JOHNSTON, J. In a consideration of the effect of the officer's return upon the title to the tractor, it is necessary to bear in mind two distinct dates. One of these is the date of the attachment and the return, which is March 20, 1944; the other is the alleged date of the conversion, which is February 18, 1944. The plaintiff does not deny that, when he brought the trover action and the sheriff made the attachment in accordance with his instructions, he disaffirmed all title to the tractor except a lien to satisfy any judgment obtained, and that ownership was in the defendant.

Such a result necessarily follows from the plaintiff's election of inconsistent remedies. *Noyes* v. *Edgerly*, 71 N. H. 500, 504. In *Moore* v. *Roxbury*, 85 N. H. 394, 397, this court held an action for deceit to recover damages for the loss of a homestead and a bill in equity seeking to maintain title in the plaintiff were inconsistent. "But the plaintiff has no right to a trial of the action [for deceit] as long as she claimed any rights in the property beyond its subjection to execution for any judgment she might obtain in the action." Trover is inconsistent with any claim of title in the property converted beyond the lien created by the attachment. *Equitable Trust Co.* v. *Conn. Brass Mfg. Corp.*, 290 Fed. 712, 725. Where the remedies are inconsistent, the plaintiff is barred from the later cause of action when election is once made. There does not need to be satisfaction of judgment under such circumstances to create the bar. *Gehlen* v. *Patterson*, 83 N. H. 328, 331. It is clear in the present case that when the plaintiff brought his action of trover for damages March 18, 1944, and two days later caused to be attached the tractor alleged to have been converted by the defendant, he elected to disaffirm title in himself and to treat the vehicle as property belonging to the defendant. It is unnecessary to consider the effect of the officer's return as between the parties upon the title at the time of the return.

The issue as to ownership tried by the jury was confined to that alleged in the declaration; namely, ownership on February 18, 1944. Whatever the return of a sheriff may determine between the parties concerning facts on the date of the attachment, it cannot be conclusive on the issue of title at a time over a month previous, concerning which time the return purports to say nothing. The defendant cites no authority in point for so unusual a proposition as the affirmative of the above statement and none can be found. The exception is overruled.

*Judgment on the verdict.*

All concurred.