Urban Doeber, Plaintiff, v. Julius Reed Thackston, Caja Thackston, and Elmer C. Taylor, Sheriff, New Castle County, Defendants.

(*December* 21, 1949.)

Pearson, J., sitting.

*Anthony F. Emory* for plaintiff.

*Clement C. Wood* (of the firm of Hering, Morris, James and Hitchens) for defendants.

Superior Court for New Castle County, No. 859, Civil Action, 1948.

Pearson, Judge.

In December 1947, plaintiff loaned his brother Charles Doeber

a sum in excess of $4,400 for which he received a demand note from the brother. Part of the money was used to purchase the truck which is the subject of this replevin action. Shortly thereafter, the truck was registered with the Delaware Motor Vehicle Department in the name of Charles Doeber. A copy of the note given to plaintiff was filed with the Department and the certificate of title contained a notation of a lien in favor of plaintiff in the amount of the note. The copy of the note filed with the Department makes no reference to the truck nor to any security for the note. There was no separate agreement between the parties with respect to the truck or with respect to any security for the note.

On June 5, 1948, Charles Doeber transferred the truck to plaintiff in payment of the note. Plaintiff caused the lien on the records of the Motor Vehicle Department to be satisfied, and the Department issued a certificate of title to plaintiff, with a notation indicating no liens. At the time of this transfer, the value of the truck was less than the amount of the note.

Meanwhile, in May 1948, the defendants Thackston obtained a judgment in this Court against Charles Doeber in the amount of $2,136.05, with costs, and bearing interest at 6% per annum from May 4, 1948. On June 3, 1948, writ of fi. fa. was issued under the judgment and delivered to the Sheriff, one of the defendants here. On July 21, 1948, the Sheriff levied on the truck which was then in the possession of Charles Doeber in Wilmington, where it had been at all times since prior to June 3. After the levy, plaintiff brought this action, posted a bond with the Sheriff and obtained possession of the truck. It does not appear that plaintiff knew that the execution writ (under the Thackston judgment against Charles Doeber) was outstanding when he satisfied his lien on the records of the Motor Vehicle Department and received an assignment of the truck on June 5.

Plaintiff claims the truck as his property and he asserts that

it could not be lawfully seized under the execution on July 21. Defendants contend that the lien of their levy dates back to June 3, two days before the transfer of the truck to plaintiff, and while the truck was the property of Charles Doeber, the defendant in the Thackston judgment. Although on June 3, plaintiff was the registered holder of a lien against the truck on the records of the Motor Vehicle Department, defendants say that he lost the benefit of this lien by voluntarily satisfying it when the truck was transferred to him on June 5.

The effective date of a levy is provided by statute, *Rev. Code of Del.*, 1935, § 4868, as follows: "4868. Sec. 77. Goods and Chattels; When Bound by Execution; Levy Within Sixty Days; Duration of Lien:—An execution shall not bind goods and chattels until it is delivered to the Sheriff or other proper officer to be executed. An execution shall, from the time it is so delivered, bind all the goods and chattels of the defendant within the bailiwick, which shall be actually levied upon within sixty days thereafter. * * *"

By virtue of this statute, the facts require a holding that the execution under the Thackston judgment effected a lien on the truck beginning on June 3, since the actual levy on July 21 was within 60 days from the date of the delivery of the writ to the Sheriff. 2 *Woolley on Delaware Practice*, § 1014. The mere fact that the truck was transferred on June 5 could obviously not defeat the lien of the levy. The rights conferred by such a lien are superior to those of a bona fide purchaser for value. Plaintiff's lien, prior in date to the lien of the levy, was terminated when he satisfied it on June 5.

The question remains, however, whether the lien of the levy was extinguished by the transfer of the truck in satisfaction of the transferor's indebtedness and of the lien securing it, in view of the circumstances that (1) the latter lien was prior to the lien

of the levy; and (2) the value of the truck was less than the indebtedness in satisfaction of which the truck was transferred. Let us examine plaintiff's lien. It arose solely by virtue of certain statutes and by registration of the note with the Motor Vehicle Department in compliance with them. I shall now review these statutes.

It is provided by Rev. Code § 5572, that the owner of a motor vehicle registered in this State is forbidden to operate it without first obtaining a certificate of title from the Department. The following Section provides: "5573. Sec. 35. Application for Certificate of Title:—(a) Every application for an original certificate of title * * * shall contain a full description of the motor vehicle * * together with a full and complete statement of each and all liens or encumbrances, if any, upon the said motor vehicle. The said application shall have permanently attached thereto a duplicate original of every conditional sale contract, chattel mortgage, lease, note or notes, or other like written agreement, if any, whereby any lien or encumbrance 'i sought to be secured upon the said motor vehicle. * * *"

That Section also provides for the registration of liens when a certificate of title is already outstanding; for the keeping of a permanent record of liens and encumbrances by the Motor Vehicle Commissioner; for the satisfaction of liens in the lien register; and for the punishment of a lien holder for failure to satisfy a lien after final payment.

Section 5574 provides as follows:

"5574. Sec. 36. Department To Issue Certificate Of Title:— (a) The Department, when satisfied that the applicant for a certificate of title is the owner of the motor vehicle shall thereupon issue, in the name of the owner, said certificate * * *. The certificate of title shall also set forth * * * a full and complete state-

ment of each and all liens or encumbrances on said motor vehicle as evidenced by the duplicate original of any conditional sale contract, or chattel mortgage, or duplicate copy of any lease, note or notes, or other like written agreement attached to said application. * * *

"Liens or encumbrances on a motor vehicle properly set out in the application for a certificate of tilte, to which application has been securely attached, as hereinbefore provided, the duplicate original of the conditional sale contract or chattel mortgage, duly recorded in accordance with the law governing the same, or a duplicate copy of the lease, or note or notes, or any like written agreement, if any, whereby any such liens or encumbrances are sought to be secured on a motor vehicle, shall for all purposes and intents be valid and prior liens upon such motor vehicle from the date of the issuance of the certificate of title; provided, nevertheless, that if there be more than one such lien on any one motor vehicle, then and in such event such liens shall have priority according to the dates of the written documents attached to the said application as aforesaid as evidence of such claims; and such liens and encumbrances, entered upon the certificate of title and recorded in the lien register, as hereinbefore provided, shall be notice to all creditors, of whatever description that such liens or encumbrances exist against such motor vehicle. * * *"

Nowhere in the statutes relating to liens registered with the Motor Vehicle Department is there provided a method for the enforcement of such liens. Where the document filed with the Department provides for a method of enforcement, that method may be pursued. Here, the note of Charles Doeber did not itself give rise to a lien and there was no express agreement between the parties fixing the method of enforcement. As previously indicated plaintiff's lien resulted from compliance with the Motor Vehicle

statutes, without which, plaintiff would not have had a lien. Such a lien would be entitled to recognition in judicial proceedings involving the property bound by it and, perhaps, could be enforced by the holder by an action at law for the collection of the debt, 53 *C. J. S., Liens,* § 21, *page* 872, or by a proceeding in equity, 53 *C. J. S.* § 20 *pages* 869—871. But I fine no authority whatever for the holder of such a lien to extinguish other liens subsequent to it (such as the lien of the levy under the Thackston judgment) by accepting, voluntarily and as a private transaction, a transfer of the property in satisfaction of the lien of such holder. I, therefore, conclude that plaintiff has not met the burden, which falls on him, of establishing a right to possession of the truck superior to that of the defendants. Judgment must be for the defendants for the return of the truck to the present Sheriff of New Castle County, in substantially the same condition as when replevied, within ten days from the date of the judgment, and for costs; or in default of return of the truck, for the amount due upon the execution placed in the defendant Sheriff's hands on June 3, 1948, under the judgment of the defendants Thackston, debt, interest and costs.

A judgment accordingly will be entered.