FARMERS BANK OF THE STATE OF DELAWARE, a Delaware Corporation, Plaintiff, v. FRANK C. DICKEY and DOROTHY T. DICKEY, Defendants.

(*March* 15, 1965)

CHRISTIE, J. sitting.

*Samuel Handdloff,* for plaintiff.

*Clement C. Wood,* of Almond & Wood, for defendants.

Superior Court of Delaware for New Castle County, No. 10 Civil Action 1964.

CHRISTIE, Judge.

On October 13, 1962, Robert L. Callahan purchased a 1963 Ford Falcon, the subject of this suit, from Sterling Motor Sales, Inc. Mr. Callahan and his wife signed a retail installment contract providing for 36 monthly payments. This contract was attached to an application for certificate of title and was filed with the Motor Vehicle Division of the State of Delaware. The Division issued a certificate with the notation thereon of a lien in favor of plaintiff, Farmers Bank. The assignment of the lien from Sterling Motor Sales to Farmers Bank was not sent to the Motor Vehicle Division but the existence of such assignment was obvious since the Farmers Bank lien was listed as R I C (Retail Installment Contract).

Thereafter, Mr. Callahan traded the vehicle to Fader Motor Co. Fader in turn resold the vehicle to defendants, Frank C. Dickey and

Dorothy T. Dickey without clearing the title by paying off the prior lien held by Farmers Bank.

When Farmers Bank discovered what had happened, it notified Mr. Callahan that his payments were overdue and that he would be obligated to pay the balance still due under his contract if Fader Motor Co. failed to do so. Subsequently, Farmers Bank entered a judgment against Mr. and Mrs. Callahan in the Office of the Prothonotary of New Castle County.

Plaintiff also demanded that the defendants deliver the car to the Bank in satisfaction of the lien. Upon refusal by defendants to deliver the car, Farmers Bank brought this suit in replevin, repossessed the vehicle and sold it at public auction.

The Court must now decide if plaintiff was entitled to repossess and sell the vehicle. Defendants have filed a counterclaim alleging damages for wrongful detention. The case is before the Court on plaintiff's motion for summary judgment.

The procedure to be followed by those holding liens on motor vehicles in the State of Delaware is outlined in a statute which also defines the protection accorded to those who follow its procedure. Subsequent creditors and owners are protected by the maintenance of a permanent lien record. 21 *Del.Code* Secs. 2331-2339.

In this case, there is nothing to inducate that Farmers Bank failed to follow the requirements of the statute. The application by Robert L. Callahan for a certificate of title indicates that he purchased a 1963 Ford Falcon from Sterling Auto Sales, Inc., and that there was a lien in favor of Farmers Bank. This entry and notation on the certificate established that Farmers Bank had a valid prior lien. 21 *Del.Code* Sec. 2335. It was notice of the existence of the lien.

The lien is entitled to recognition in a judicial proceeding involving the property bound by it. A transfer even to a bona fide purchaser for value and without notice cannot defeat the

rights of a lienholder when the lien is registered as prescribed by law. See *Doeber v. Thackston,* 6 Terry 187, 70 A.2d 263 (Super.Ct.1949). Accord, In re Berlin, 147 F.2d 491 (3rd Cir., 1945) In re Fell, 16 F.Supp. 987 (E.D.Pa.1936).

Defendants contend that liens on motor vehicles must be recorded at the office of the Recorder of Deeds of New Castle County in order to be valid as to subsequent purchasers. This contention is without merit. Defendants point to no case or statute which would require such recording and the Court knows of none. In 1949, the legislature created an exception to the general rule on the recordation of such transactions by repealing a statutory requirement that chattel mortgages and conditional sales contracts be recorded at the office of the Recorder of Deeds. 47 Del. Laws, Ch. 391. The Motor Vehicle Sales Finance Act defines retail installment contracts as including conditional sales, chattel mortgages and similar contracts. 5 *Del. C.* Sec. 2901 (e). There is no provision requiring the recording of such contracts at the office of the Recorder of Deeds.

Defendants contend that the failure to file the assignment from Sterling to Farmers Bank invalidates the lien. The following statute referring especially to motor vehicle liens makes it clear that this contention is without merit:

"Any sales finance company may purchase or acquire or agree to purchase or acquire from any seller any contract on such terms and conditions as may be agreed upon between them. Filing of the assignment, notice to the buyer of the assignment, and any requirement that the holder maintain dominion over the payments or the motor vehicle if repossessed shall not be necessary to the validity of a written assignment of a contract as against creditors, subsequent purchasers, pledgees, mortgagees and lien claimants of the seller. Unless the buyer has notice of the assignment of his contract, payment thereunder made by the buyer to the last known holder of such contract shall be binding upon all subsequent holders." (5 *Del. Code* Sec. 2907 (d).)

The general law as to assignments is the same. 6 *Del.Code* Sec.

4333.

■ Defendants next contend that plaintiff is barred from repossessing the car because of the election of an inconsistent remedy by entering judgment against the Callahans. A legally significant inconsistency is found only when one claim of facts is repugnant and contrary to facts necessary to the other claim therein involved. *Todd v. Duncklee,* 94 N.H. 226, 52 A.2d 285 (1947). There is no such inconsistency here. As the claims are not inconsistent, the various legal remedies are viewed as cumulative. There is no need for election between them, and all remedies may be pursued until petitioner has been made whole. See *Korns v. Thomson & McKinnon,* 22 F.Supp. 442 (D. Minn. 1938); *Scotton v. Wright,* 13 Del. Ch. 214, 117 A. 131 (Ct. of Chancery 1922); *Continental Guaranty Corp. v. Peoples Bus Line,* 1 W. W. Harr. 595, 117 A. 275 (Super. Ct. 1922); *Hannigan v. Italo Petroleum Corp.,* 7 W. W. Harr. 180, 181 A. 4 (Super. Ct. 1935); *Nuside Metal Products, Inc., v. Eazor Express, Inc.,* 189 Pa. Super. 593, 152 A. 2d 275 (1959).

■ Plaintiff is entitled to assert its lien as it has taken the steps necessary to protect and secure the lien's priority. Defendants have paid for a car which has now been taken from them without reimbursement, but it was the seller and not the lienholder who caused them this injury. They may therefore look only to the firm which sold them a car without a clear title for redress of their grievance. A lien is not vitiated by the unscrupulous behavior of one selling the secured property without paying off the debt represented by the lien.

Plaintiff's motion for summary judgment is granted.

It is so ordered.