**ANDERSON–STOKES MOBILE HOMES, INC., a Delaware corporation, Plaintiff,**

v.

**Dominick J. IACONI et al., Defendants.**

Superior Court of Delaware, New Castle.

Feb. 18, 1972.

Eduard F. von Wettberg, III, of Morris, James, Hitchens & Williams, Wilmington, for plaintiff.

Alfred M. Isaacs, of Flanzer & Isaacs, Wilmington, for defendants.

WRIGHT, Judge.

This is an action for damages wherein plaintiff contends that the defendants wrongfully seized and sold a mobile home which had been purchased from plaintiff by a Mr. and Mrs. Willen. In June of 1967 the Willens signed a conditional sales contract to purchase the home, which was then moved to the Willen residence. Thereafter, the contract was assigned by plaintiff to the Union Bank and Trust Company of Eastern Pennsylvania, then subsequently reassigned to plaintiff. On June 30, 1967 a certificate of title for the mobile home was

issued by the Delaware Department of Motor Vehicles. The lien of Union Bank was apparently noted on this title. On February 13, 1968, defendant Gurczenski, a constable of New Castle County, seized the mobile home pursuant to a landlord's warrant obtained by the defendant, Iaconi. The mobile home was then sold to Iaconi at a constable's sale. A certificate of title thereafter issued to Iaconi apparently did not note the lien of Union Bank or any other lien holder.

Plaintiff instituted this action on the grounds that the mobile home was exempt from seizure under 25 Del.C. § 5504, which states, in part, that:

"In case there are upon the premises, goods or chattels which have been sold or leased to the tenant under the terms of a conditional sales contract or lease, properly recorded in the office and manner, provided by law for recordation of the same, such goods and chattels when not fully paid for by the tenant shall not be subject to the process of distress for rent."

Defendants now move for summary judgment, urging that the lien of Union Bank was not recorded in the office and manner provided by law, and that therefore plaintiff has failed to state a cause of action. Defendants argue for a literal reading of 21 Del.C. §§ 101 and 2331. Section 101 defines words and phrases applicable to Title 21, including the following:

"Motor vehicle" includes every vehicle, as defined in this section, which is self-propelled, except farm tractors;"

Section 2331 is captioned "Evidence of liens on application for a certificate of title," and states that:

"Every application for a certificate of title of a motor vehicle shall have permanently attached thereto a duplicate original of every conditional sales con-

tract, chattel mortgage, lease, note or notes, or other like written agreement, whereby any lien or encumbrance is sought to be secured upon the vehicle."

Defendants also point out 21 Del.C. § 2334, which requires that a permanent record of "liens or encumbrances on a motor vehicle" be kept.

Defendants urge that since 21 Del.C. § 101 describes "motor vehicles" so as to exclude non self-propelled vehicles, and since 21 Del.C. §§ 2331 and 2334 use only the phrase "motor vehicle", a lien upon a mobile home could not have been properly recorded by filing with the Department of Motor Vehicles. Rather, plaintiff's lien should have been recorded with the office of the Recorder of Deeds pursuant to the Conditional Sales Act then in effect. 30 Del.Laws, Ch. 192, § 6.

Plaintiff replies that in spite of the use of the term "motor vehicle" in certain sections of Title 21 Del.C. § 321 makes the certification and registration scheme applicable to other vehicles as well. 21 Del. C. § 321 states in pertinent part that:

"Every motor vehicle, trailer, semi-trailer, and pole trailer when driven or moved upon a highway shall be subject to the provisions of this title with respect to registration, certificate of title, and inspection . . ."

While it is clear that mobile homes are to be included in the certification and registration scheme of Title 21, Del.C. § 321 does not specifically state that the lien registration provisions are also applicable to the vehicles listed therein. The question, then, is whether the statutes governing the registration of liens upon motor vehicles are applicable to other types of vehicles as well.

Reading the statutory scheme as a whole rather than piecemeal, it is clear that the mobile home was required to have been registered and a certificate of title obtain-

ed before it could have been moved on the highway. 21 Del.C. § 321. Further, in applying for a certificate of title, the applicant was required to disclose "a full and complete statement of each and all liens and encumbrances, if any, upon the motor vehicle." 21 Del.C. § 2302(a).[1] Finally, and most importantly, 21 Del.C. § 2332 requires that "Each certificate of title shall contain a statement of the owner's title and of the liens and encumbrances upon the vehicle therein described as noted in the application, . . ."[2] Taking all these sections together, and assuming, as it contends, that plaintiff noted its lien in its application for title, that lien was thereby properly recorded, because in spite of the fact that 21 Del.C. §§ 2331 and 2334 use the term "motor vehicle", all the steps in the registration and title requirements of Title 21 could not have been complied with by either the Department of Motor Vehicles or by plaintiff unless the lien had been recorded and thereafter reflected on the certificate of title.

The words and phrases set out in 21 Del.C. § 101 are defined as noted therein "unless the context otherwise clearly indicates." It appears that in the context of the lien notation procedures of Title 21 the term "motor vehicle" cannot be strictly construed but must be read to include any vehicle required under 21 Del.C. § 321 to be registered. Consequently, the lien registration accomplished by plaintiff was proper, and therefore no other recording was necessary to perfect the interest of the lien holder. Farmers Bank of the State of Delaware v. Dickey, 58 Del. (8 Storey) 354, 209 A.2d 752 at 754 (Super.Ct. 1965).

Defendants' motion for summary judgment is denied.

It is so ordered.

---

1. 21 Del.C. § 2302(a) is located under the subchapter of Title 21 entitled Certificates of Title. Hence in view of 21 Del.C. § 321, the requirement of 21 Del.C. § 2302 (a) applies to other vehicles even though the term "motor vehicle" is used therein.

2. If, as defendants contend, the terms used in Title 21 are to be literally construed, it is noteworthy that 21 Del.C. § 2332 uses only the term "vehicle", which is defined broadly enough in 21 Del.C. § 101 to include a mobile home.