Lawrence A. BARISA, Plaintiff Below, Appellant,

v.

CHARITABLE RESEARCH FOUNDATION, INC., a Delaware corporation, Defendant Below, Appellee.

Supreme Court of Delaware.

July 10, 1972.

Arthur J. Sullivan and Richard P. Beck, of Morris, James, Hitchens & Williams, Wilmington, for plaintiff below, appellant.

Joseph T. Walsh, Wilmington, for defendant below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

PER CURIAM:

In this action for severance pay under an employment contract, the Superior Court granted judgment n. o. v. in favor of the defendant employer. See 287 A.2d 679.

We agree with the conclusions and the reasons therefor stated by the Superior Court.

We find unmeritorious the appellant's contention that there was a determinative issue of fact for the jury either as to any rule of employment or the motive underlying the employee's concealment of his misconduct.

Affirmed.

Dominick J. IACONI and Adam Gurczenski, Jr., Defendants Below, Appellants,

v.

ANDERSON–STOKES MOBILE HOMES, INC., a Delaware corporation, Plaintiff Below, Appellee.

Supreme Court of Delaware.

July 10, 1972.

Alfred M. Isaacs, of Flanzer & Isaacs, Wilmington, for defendants below, appellants.

Eduard F. von Wettberg, III, of Morris, James, Hitchens & Williams, Wilmington, for plaintiff below, appellee.

Before WOLCOTT, Chief Justice, and CAREY and HERRMANN, Associate Justices.

PER CURIAM.

In this action for damages for wrongful seizure and sale of a mobile home, the Superior Court denied the defendants' motion for summary judgment, holding that the plaintiff's lien was properly recorded on the certificate of title "as provided by law". See 288 A.2d 676 (1972).

The contentions presented here were argued and ruled upon below. We agree with the conclusions and reasons therefor stated by the Superior Court.

It should be noted that the Statutes existent in 1967–1968 govern this case. Statutory amendments in 1969 removed the ambiguities that gave rise to this litigation and clarified the lien procedures applicable to trailers and mobile homes. See 21 Del. C. §§ 101 and 2302(d), as amended 57 Del. Laws, Ch. 188, §§ 24, 25.

Affirmed.