In the Matter of L.B. TRUCKING, INC., Double D Farms, Inc., Dudley B. Durham, Jr. and Barbara L. Durham, Debtors.

SOUTHERN STATES COOPERATIVE, INCORPORATED, t/a Southern States Middletown Service Cooperative, a corporation of the Commonwealth of Virginia, Plaintiff,

v.

TOWNSEND GRAIN AND FEED COMPANY, a corporation of the State of Delaware, et al., Defendants.

Bankruptcy No. 83–438.
Adv. No. 84–15.

United States Bankruptcy Court,
D. Delaware.

Aug. 8, 1988.

See also, Bkrtcy., 75 B.R. 88.

James L. Patton, Jr., Wilmington, Del., trustee, pro se.

James T. Vaughn, Jr., Dover, Del., for plaintiff.

Jeoffrey L. Burtch, Wilmington, Del., for Townsend Grain and Feed Co.

Thomas D. Runnels, Newark, Del., for debtors.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

On the eve of trial, this court has been asked to determine whether a counterclaim is a core or non-core proceeding and, in any event, to grant partial summary judgment with respect to one count of that counterclaim. The present situation has grown out of two separate civil actions, one in state court and the other in bankruptcy court, which have become inextricably intertwined.

Once again it is necessary to review the procedural aspect and background of the dispute between Southern States and the Durhams which spawned both actions. Both actions were commenced the same day, February 2, 1984. Southern States sued Townsend for $25,000 in state court based on an alleged security interest in crops the Durhams had placed with Townsend. The Durhams sued Southern States in bankruptcy court to avoid as a preference the lien which was the basis for Southern States' action against Townsend. On March 8, Townsend removed Southern States' action to bankruptcy court. On March 14, Judge Stapleton entered an order avoiding the lien and directed Townsend to turn over all monies in its possession to the Durhams.

Despite the finality of Judge Stapleton's order, the parties have persisted in ignoring its existence with respect to Southern States' state court action. This is especially perplexing since the court following

argument and denial of Townsend's motion to dismiss filed May 24, 1984, and Southern States' motion for remand filed June 5, 1984, commented that the order was a final one, that the court would make no ruling with respect to it since the parties had not argued its effect, that the posture of the case required the Durhams as indispensable parties and granted leave to renew both motions. Apparently the parties did not understand the court's ruling. At that juncture, it was clear that the March 14 order was final. It apparently disposed of Southern States' claim to the $25,000 held by Townsend, therefore, Southern States was not entitled to a remand; but Townsend was not entitled to a dismissal because the Durhams obviously had an interest in the $25,000 and should have an opportunity to be heard. It was after the parties could not resolve the manner in which the Durhams were to be made parties that the court directed Southern States to do it by amending its complaint.

Southern States then filed an amended complaint which repeated as Count I the language of its state court action against Townsend and added as Count II its claim in the amount of $70,071.40, incorporating by reference its proof of claim filed April 24, 1984. The Durhams answered and counterclaimed for breach of implied warranty of fitness for a particular purpose, negligence, tortious interference with and slander of credit and crossclaimed against Townsend. Townsend responded and crossclaimed against the Durhams.

As the trial date approached, the parties requested and the court stated that leave would be granted to sever the issue involving the $25,000 being held by Townsend upon the filing of an appropriate motion. Even though a motion has not been filed, only the issues raised by Southern States' claim and the Durhams' counterclaim will be tried.

Following conversion to a Chapter 7, the Trustee and Southern States engaged in lengthy discovery. Southern States then moved to dismiss the counterclaim for lack of subject matter jurisdiction. Since neither Southern States nor Townsend had renewed their motions, the court was faced with determining whether the original state court action was a related matter and whether a counterclaim in that action would also be related. The court, citing *In re Bobroff,* 766 F.2d 797 (3rd Cir.1985), concluded that the original action as well as the counterclaim was related in that the outcome would have an impact on the bankruptcy estate, thus affecting the administration of the estate. The court also found that the allegations of bad faith contained in the count of the counterclaim upon which Southern States now seeks summary judgment were a basis for bringing the counterclaim of the "state court action" within the "related to" category noting it would be subject to the provisions of 28 U.S.C. § 157(c)(1).

Having held that this court had subject matter jurisdiction, it declined to abstain because there was a complicating factor which made abstention impractical. That factor was Southern States' proof of claim in the amount of $70,071.40 for chemicals and supplies provided and services rendered in connection with the Durhams' 1983 crops. The counterclaim alleges Southern States is not entitled to any payment but is liable to the estate for failing to properly perform its duties to the Durhams.

Southern States is correct in that the counterclaim was filed in what was the "state court action" after the court had directed that the Durhams be added as an indispensable party. The court did not order, as Southern States misstates in its brief, that all parties file pleadings asserting all claims against each other. The court ordered only that the Durhams were an indispensable party in the original state court action and by order directed Southern States to file an amended complaint adding the Durhams as defendants and requiring the Durhams to respond within a stated period.

Until that point, the only issue in the "related" action was entitlement to the $25,000. Southern States, for reasons of its own, added Count II and incorporated the claim stated in the proof previously

filed. Southern States' contention that the Durhams' claim is not a counterclaim to its claim but is a counterclaim in a state court related action is without merit. By tacking its claim against the Durham estate onto what was a "related" action, Southern States cannot turn that claim nor a compulsory counterclaim into a state related action.

■ The counterclaim to the amended complaint is a counterclaim by the estate against Southern States' claim against the estate. As such it falls within the definition of a core proceeding. 28 U.S.C. § 157(b)(2)(C). *See In re Franklin Computer Corp.*, 60 B.R. 795, 803 (Bankr.E.D. Pa.1986). Count II of Southern States' complaint, a repeat of its proof of claim, involves the allowance or disallowance of its claim against the Durham bankruptcy estate. Thus, together with the estate's counterclaim, both are core proceedings under 28 U.S.C. § 157(b)(2)(B) and (C). *In re Meyertech Corp.*, 831 F.2d 410 (3rd Cir. 1987).

The second issue presently before this court is Southern States' motion for partial summary judgment which is aimed only at Count III of the amended counterclaim. In Count III, the Durhams assert that Southern States tortiously interfered with their business. Southern States answered the original counterclaim and admitted that negotiations had occurred between Southern States and the Durhams, but denied the allegations of tortious interference with the Durhams' business. Southern States did not file an answer to the amended counterclaim and thus for purposes of its summary judgment motion, the averments in the amended counterclaim previously not denied are deemed admitted.

The primary purpose of a motion for summary judgment is to determine whether there are any issues of fact that require a trial on the merits. It is designed for the prompt disposition of an action where there is no genuine issue regarding material facts. Summary judgment is appropriate only if the pleadings, depositions, and admissions on file, together with affidavits if any, show that except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Sartor v. Arkansas Natural Gas Co.*, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944); 73 Am.Jur.2d, *Summary Judgment*, § 1; Fed.R.Civ.P. 56; B.R. 7056.

■ The outcome of a motion for summary judgment depends upon the nature of the cause of action and the facts needed to substantiate the action. The basic elements of a claim of tortious interference with a prospective business opportunity require (a) reasonable probability of a business opportunity, (b) intentional interference with that opportunity, (c) proximate causation, and (d) damages, all of which must be considered in light of the privilege to compete or protect business interests in a fair and lawful manner. *DeBonaventura v. Nationwide Mutual Insurance Company*, 419 A.2d 942, 947 (Del. Ch. 1980), *aff'd*, 428 A.2d 1151, 1153 (Del.1981).

■ Count III of the counterclaim alleges that Southern States interfered with the Durhams' prospective economic advantage by stating that its insurance would compensate them for their loss, and then failing to provide them with any compensation whatsoever, thereby damaging the Durhams' business relationships, reputation and credit. Although Southern States does not deny meeting with the Durhams for negotiation purposes, it does deny that its assertions at such meetings resulted in a loss to the Durhams' business.

An examination of the pleadings, depositions and admissions, which must be construed in a light most favorable to the non-moving party, reveals a factual dispute as to whether Southern States interfered with the Durhams' present or future business and whether the Durhams experienced a loss as the result of such interference. Since an allegation of tortious interference with present or prospective business relations is dependent upon the facts, a dispute as to those facts is a material dispute that mandates a denial of Southern States' mo-

tion for summary judgment on Count III of the counterclaim.