**In the Matter of Harold MARVEL and S. Jean Marvel, Debtors.**

**Harold MARVEL and S. Jean Marvel, Plaintiffs,**

v.

**Hiram N. LASHER, Defendant.**

**Bankruptcy No. 90–468.**
**Adv. No. 90–94.**

United States Bankruptcy Court, D. Delaware.

June 13, 1991.

Francis A. Monaco, Jr., Wilmington, Del., for debtors/plaintiffs.

Benjamin F. Shaw, III, Georgetown, Del., for defendant.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

In this adversary proceeding, Hiram N. Lasher moves for summary judgment on Count III of the amended complaint of Harold and S. Jean Marvel, debtors. Count III states an abuse of process claim and seeks unspecified damages. This Court has jurisdiction pursuant to 28 U.S.C. § 157, and this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (O).

### I. FACTS

In considering a motion for summary judgment, the court will consider admissions, depositions and exhibits thereto, and signed affidavits on file. *Matter of L.B. Trucking,* 90 B.R. 81, 84 (Bankr.D.Del. 1988). Viewing this record in the light most favorable to the non-movants (the Marvels), the following facts for the purposes of this motion exist.

On March 21, 1987, the Marvels executed a note in the amount of $150,000 in favor of Lasher. The note contained a confession of judgment clause. On June 9, 1989, Lasher commenced a proceeding in Superior Court for the State of Delaware to confess judgment against the Marvels for $146,235.41 in principal, $8,773.14 in past-due interest, and post-judgment interest. A stipulated judgment was subsequently filed, and was signed by Superior Court on November 22, 1989. Lasher filed a notice of execution on December 19, 1989. On March 1, 1990, after a hearing at which the Marvels appeared and did not object, the Court issued a writ of execution. Four days later, Lasher filed a Fi Fa attachment with the Prothonotary's Office of Sussex County directing the Sheriff to levy upon goods and chattels of the Marvels. On April 19, 1990, the Sheriff of Sussex County did levy upon about 15 items of farm equipment, as well as real estate owned by the Marvels. A sale was scheduled for June 27, 1990. Lasher knew that the Sheriff's levy would bar the Marvels from using the farming equipment during the height of the farming season. His purpose in filing the Fi Fa attachment was to extract payment from the Marvels.

On June 26, 1990, the Marvels filed a voluntary petition under Chapter 11 in this Court. Lasher subsequently filed a proof of claim relating to the Superior Court judgment for $180,170.23 plus interest.

## II. DISCUSSION

Count III alleges Lasher wrongfully and maliciously executed upon the farm equipment knowing that the Debtors would be unable to use the farm equipment at the height of the farming season in order to extract payment from the Marvels. As a result of the scheduling of the Sheriff's sale, Count III alleges the Marvels were forced to file a bankruptcy petition to enable them to continue farming. Count III seeks all expenses ensuing from this filing, including attorney's fees.

The parties agree that the Marvels' abuse of process tort claim must satisfy the requirements of Delaware law:

[T]he essential elements of the tort are: 1) an ulterior purpose; and 2) a wilful act in the use of the process not proper in the regular conduct of the proceedings. In explaining these elements, Prosser notes that some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required. Merely carrying out the process to its authorized conclusion, even though with bad intentions, does not result in liability. Some form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, must be shown.

*Nix v. Sawyer*, Del.Super., 466 A.2d 407, 412 (1983) (citations omitted). That there must be some definite act in furtherance of an illegitimate objective was recently reiterated in *Feinman v. Bank of Delaware*, 728 F.Supp. 1105, 1115 (D.Del.1990) (construing Delaware law).

Initially, the court notes that Lasher's use of the Fi Fa attachment process was fully authorized, and was a legitimate method of attempting to satisfy the debt. The Marvels emphasize Lasher's bad intent in utilizing this process. However, that Lasher had bad intentions in filing the Fi Fa attachment does not by itself satisfy the abuse of process requirements. The Marvels have not averred any overt act, either before or after the attachment, that could be equated with coercion to obtain a collateral advantage. *See id.* at 1115. Specifically, Mr. Marvel's affidavit does not allege that Lasher extracted, or attempted to extract payments from the Marvels.

In apparent recognition of this deficiency, the Marvels cite non-Delaware case law for the proposition that "in the case of excessive attachment, ... the inference may be drawn that the defendant sought extortionate advantage by tying up all of the plaintiff's property when attachment of a small amount would provide sufficient security for the debt." *See* Prosser and Keeton, *Law of Torts*, § 121, at 899 & n. 28 (5th ed. 1984). This doctrine, assuming it would be applicable in Delaware, does not help shore up the hole in the Marvels' abuse of process claim. No evidence of

record suggests that the value of the levied property greatly exceeds the approximately $155,000 debt owed to Lasher. The Marvels themselves have pointed out in their briefing that the farm equipment subject to Sheriff's sale was worth far less than $200,000. Moreover, the Marvels also state that the farm equipment was fully encumbered by a prior security interest in favor of Farmers Home Administration for at least $200,000 and that Lasher could not have recovered any monies from the sale. This is hardly an "excessive attachment" situation.

The Marvels have not averred a coercive act, and therefore, their abuse of process claim is deficient as a matter of law. It is thus not necessary to reach the issue of whether extracting payment on a debt in these circumstances constitutes an unauthorized and illegitimate objective as required by the *Feinman* case.

## III. CONCLUSION

An order in accordance with this Memorandum Opinion is attached.

## ORDER

AND NOW, June 13, 1991, for the reasons stated in the attached Memorandum Opinion,

IT IS ORDERED THAT:

1. Hiram N. Lasher's motion for summary judgment is GRANTED.

2. Lasher's request for sanctions pursuant to Bankruptcy Rule 9011 is DENIED.

3. Trial on Counts I and II of the amended complaint will be held September 26, 1991 at 11:00 a.m.