Use, MARY E. VOSHELL vs. THOMAS CAVENDER.

*Sheriff's Return to an Execution.—Practice.*

1. A sheriff's return to an execution may be attacked directly upon a rule to show cause why said return should not be set aside, and the Superior Court upon such rule has the power to quash said sheriff's return.

2. Such sheriff's return made to the September term, 1897, cannot be attacked and set aside at the November term, 1897, especially where the affidavit contains no allegation of any want of knowledge that the return was made at the September term; the proper time to make the application to set aside the return being the said September term.

*(December 16, 1897.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Harry Emmons* for plaintiff.

*Peter L. Cooper, Jr.,* for defendant.

Superior Court, New Castle County, November Term, 1897.

RULE to show cause why sheriff's return to an execution should not be quashed and stricken from the record. A petition was filed by the defendant alleging:

"That on the twenty-first day of May, the plaintiffs in the above entitled judgment caused a writ of *Fieri Facias* to be issued out of the Superior Court to William R. Flinn, Sheriff of said County, to seize and take in execution the personal property, goods and chattels of the said defendant, said writ being No. 10 to the September term, 1897, in which said writ the Sheriff made the following return: *Nulla bona* and afterwards levied on lands and tenements as per description annexed, May 24th, 1897. So answers William R. Flinn, Sheriff. Which return your petitioner respectfully represents was false and fraudulent, he, your petitioner, owning in his own right at that time goods and chattels approximating in value the sum of one thousand dollars.

"Your petitioner further showeth that the sheriff aforesaid made no attempt to execute the said writ but made the return aforesaid at the instance and request of the said plaintiffs, their agents or attorneys, without making any inquiry as to whether said defendant owned at that time personal property out of which the debt in said writ could be partially or fully made. Your pe-

titioner, therefore, respectfully showeth that the said writ was not *bona fide* but was a fraud upon your deponent.

" Therefore, your petitioner prays a rule may be laid upon the plaintiffs in said writ and upon the sheriff aforesaid to show cause, if any they have, why the return aforesaid should not be quashed and stricken from the record."

On December 16th, the Court announced the following decision:

SPRUANCE, J:—This is a rule to show cause why the sheriff's return to *Fi. Fa. No. 10* to the September term, 1897, should not be quashed and stricken from the record. The return is, *Nulla bona* and afterwards levied on lands and tenements as per description annexed. The inquisition was held on the 19th of October following, under a rule issued after the return of the *Fi. Fa.*

The sworn petition of the defendant sets forth the grounds of his application, and we can consider no others.

The first question discussed in the argument was, whether this Court, under any circumstances, at any time, had a right, upon a rule to show cause, to quash a sheriff's return to an execution. It was contended on the part of the plaintiff that this could not be done.

Whatever may be the practice in England or elsewhere, it is perfectly well settled in this State that a false return of a sheriff to an execution may be quashed by the Court.

Under our practice there could be no doubt that at the September term, the return term of the writ, it would have been competent for the defendant to have moved to quash the return upon the ground that it was false or untrue, and that he had goods and chattels which were liable to be taken in execution. Under the statute his land could not, without his consent, be taken in execution until his goods were exhausted.

The September term was the proper time to make this application and the delay in doing so until the November term is not justified or excused by anything before the Court.

The rule upon this subject is found in *Swiggett vs. Kollock, 3 Houst., 326,* an action of ejectment tried in 1866, in which the defendant claimed title under a sheriff's deed.

The *Fi. Fa.* to the April term, 1851, was returned *Nulla bona* and levied on lands as *per Inquisition.* Under a *Venditioni exponas* to the April term 1852 a part of the land was sold to the defendant, pursuant to which a deed was executed by the sheriff.

On behalf of the plaintiff it was contended that the levy under the *Fi. Fa.* was void, because, first, it did not include all of the land of the defendant in the writ, and, second, that the description of the land was too indefinite.

As to the second objection the description was held to be sufficient.

As to the first objection the Court said that it came too late, and that "It might have been taken at the return term of the levy, to wit, at the April T. 1851, and the inquisition and condemnation would have been set aside upon its being shown to the Court that all the lands had not been levied upon; but not having taken it then, it cannot be taken now; because, it is a rule of this Court, that no objection to the inquisition can be taken after the return term of the *Fi. Fa.* and inquisition, except in the special case of want of notice."

The petition of the defendant in this case does not deny notice or knowledge of the alleged false return at the September term, nor is there anything in the petition from which want of notice or knowledge can be inferred. Indeed the petition is perfectly consistent with the the hypothesis that the defendant did at the return term of the writ know all about the alleged false return, and purposely refrained from making objection at that term so as to involve the plaintiff in further expense and irregularity.

It is true that the law does not require the sheriff to give notice to the defendant of a return of *Nulla bona* and levy on land, yet if the return of *Nulla bona* be false, it is the right of the defendant to have it set aside; but he cannot have this done unless he has knowledge of the false return.

The defendant having failed in his petition to deny notice or knowledge at the September term of the alleged false return, we hold that his present application comes too late.

Rule discharged.