EMMA H. COMEGYS v. GEORGE R. PHILLIPS.

(*October* 19, 1949.)

LAYTON, J., sitting.

*Abraham Hoffman* and *Joseph Handler* for Petitioner.

*W. Thomas Knowles* for Defendant.

Superior Court for New Castle County, No. 99, Fi. Fa., September Term, 1949.

LAYTON, Judge.

[1] In such a situation as this, a judgment Debtor has two alternatives (1) to move to set aside the sale on or before the first Thursday of the return term of the writ (Rule 69(d) of the Superior Court Rules) or (2) to quash the Sheriff's return at any time during the return term of the execution. *Voshell v. Cavender,* 1 *Penn.* 167, 39 *A.* 989.

Plaintiff insists that the sale ought not to be set aside at all because the Sheriff's false return of nulla bona should be treated under all the circumstances as a technical, not a substantial, irregularity. The theory underlying his argument is this: The reasons for first requiring a return of nulla bona as to personalty before seizure and sale of realty are now largely historical. This being so, he argues, any delay on the part of a judgment Debtor in seeking to quash the return of execution in effect amounts to a waiver of the irregularity; or, to state it differently, estops him from urging that the irregularity in the levy is fatal; and this should be particularly true, he contends, where a sale of realty has occurred before the judgment Debtor moves to quash the return of the execution or to set the sale aside and when, as here, the defect in the Sheriff's return could have been pleaded and passed upon in the Chancery action.

Admittedly, it is not easy for an attorney to ascertain whether a judgment Debtor has any personal property from which his debt may be realized. Nor is the Sheriff's office so equipped as to be able to make an investigation into such matters. Consequently it is now common practice for many attorneys, when issuing executions, to advise the Sheriff to make an arbitrary return of nulla bona and proceed directly to seizure and sale of realty.

Plaintiff insists therefore that such a practice, while strictly

incorrect, is dictated by necessity and that it is very unfair for the judgment Debtor, aware of the false return, to be in a position, some months later, to petition to quash the return or set aside the sale after costs have accrued and other equities intervened. Thus, Plaintiff argues that, unless the judgment Debtor takes affirmative action as soon as he learns of the false return of nulla bona, he should be deemed to have waived the irregularity in the return and estopped to assert it by way of a motion to quash or to set aside the sale.

The short answer to this is that Petitioner did, in fact, take action as soon as he was able to under our practice, that is, at the return term. To require speedier action would be tantamount to demanding that a judgment Defendant seek equitable relief immediately upon learning of the false levy, assuming, of course, that equity would entertain jurisdiction of such an application.

Secondly, the fact remains that Sec. 4792 provides that before realty may be seized and sold it must be determined that no personal estate of the Debtor can be found sufficient to satisfy the debt. Conceding, arguendo, that the above section was designed to fit a bygone era when realty assumed an economic importance which it does not today, yet it is for the Legislature, not me, to declare this fact. If I followed Plaintiff's argument I would, for all practical purposes, be guilty of writing a substantial amendment to this section of our law.

*Voshell v. Cavender, supra,* I think is decisive of the present case. The only substantial difference is that there, the motion was to quash the return of execution, rather than to set aside the sale, and was brought before, rather than after, the realty was seized and sold.* True, in that case the Court held that a motion to quash was unseasonable if brought by a person cognizant of the

---

* For the purposes of this opinion I see no difference in result between a motion to quash the return and a motion to set aside the sale.

false levy as late as the term after the return term. But the inference is very clear that had the motion been made at the return term the return would have been quashed. And had there been a subsequent sale of realty I believe the Court would have arrived at the same result if Petitioner, at the return term, had moved to set aside the sale, which was the course adopted in the instant case.

Moreover, Plaintiff's argument as to the difficulties inherent in the discovery of personal assets of judgment Debtors is not entirely acceptable. Rule 69 of the Superior Court Rules now provides for examination of judgment Debtors in aid of execution. The Plaintiff could have found out the existence of the personal assets of the Debtor with relative ease.

Circumstances may be imagined where a judgment Debtor by his conduct might be deemed to have waived his right to object to the irregularities in a return of nulla bona. But, here, where there was considerable personal property belonging to the Debtor, where Plaintiff neither availed himself of the process provided for its discovery under the Rule, nor directed the Sheriff to attempt to find it, and where Sec. 4792 affirmatively provdes that realty be not seized and sold until it is determined that sufficient personalty does not exist to satisfy the debt, I am forced to the conclusion that the Petitioner is entitled to have the sale set aside. This assumes, of course, that the application is timely which, in this case, I find it to be. Rule absolute.