**Glenn L. FLEMMING and Nylon Capitol Federal Credit Union, Petitioners below, Appellants,**

v.

**W. Howard THOMPSON, Respondent below, Appellee.**

Supreme Court of Delaware.

Submitted May 12, 1975.

Decided Aug. 1, 1975.

Randy J. Holland, Dunlap & Holland, P. A., Georgetown, for petitioners below, appellants.

H. Clay Davis, III, Georgetown, for respondent below, appellee.

Before HERRMANN, C. J., DUFFY, J., and QUILLEN, Chancellor.

DUFFY, Justice:

Relying on *Doeber v. Thackston,* Del. Super., 70 A.2d 263 (1949), the Superior

**600**

Court determined that liens of execution on a mobile home secured pursuant to 10 Del.C. § 5081 take precedence over the prior-in-time rights of a *bona fide* purchaser for value of the home.

10 Del.C. § 5081 provides:

"An execution shall not bind goods and chattels until it is delivered to the sheriff or other proper officer to be executed. An execution shall, from the time it is so delivered, bind all the goods and chattels of the defendant within the bailiwick, which shall be actually levied upon within 60 days thereafter. No levy upon goods and chattels, made by virtue of execution process, shall be of any force or effect as against a subsequent execution levied upon the same goods and chattels for a longer period than 3 years from the making of such first mentioned levy."

The statute is of ancient origin, see Code of 1852 §§ 2492, 2493, and *Woolley on Delaware Practice* § 1014.

The Superior Court held that the rights of a judgment creditor were superior to those of a prior bona fide purchaser for value when the levy of execution on the judgment (attachment FiFa) was not made until *after* the property had been sold and title had passed. In brief, the Court gave effect to the relation-back provision, holding that the lien became effective from the date of delivery of the writ to the Sheriff. We conclude, however, that this aspect of § 5081, which is an archaic anomaly in current commercial life, has been superseded by the Uniform Commercial Code which became effective in Delaware on July 1, 1967.

The Code, 6 Del.C. § 2–403, provides in part:

"A purchaser of goods acquires all title which his transferor had or had power to transfer . . .. A person with voidable title has power to transfer a good title to a good faith purchaser for value."

 Here, the judgment debtor sold the property to a mobile home dealer who sold to the bona fide purchaser for value who financed the purchase through a Federal Credit Union. All of that was completed before the levy was made by the Sheriff. At the time of sale the judgment debtor held at least a "voidable title" and under the specific language of the Code he had the "power to transfer a good title to a good faith purchaser for value." He did so and it follows that the purchaser received a title immune from attack on the basis of a later levy.

 We hold that to the extent there is any inconsistency between 10 Del.C. § 5081 and 6 Del.C. § 2–403, the former has been repealed.

Reversed.