**DELAWARE TRUST COMPANY, a corporation of the State of Delaware, Plaintiff,**

v.

**David A. HARE and Marihelen J. Hare, Defendant.**

Superior Court of Delaware, New Castle County.

Submitted April 6, 1978.

Decided April 28, 1978.

---

Donald J. Wolfe, Jr., of Potter, Anderson & Corroon, Wilmington, for plaintiff.

Michael A. Meehan, of Richards, Layton & Finger, Wilmington, for Diamond Shamrock Corp.

TAYLOR, Judge.

A writ of attachment was served on January 4, 1978 on Diamond Shamrock, Inc. to recover any monies owed by Diamond Shamrock, Inc. to Marihelen J. Hare. Diamond Shamrock, Inc., the garnishee, has moved for an order discharging it from further obligations under the writ referred to above on the ground that it has filed its answer as garnishee admitting that there have been wages due defendant between the date of service of the writ and the date of the answer (March 30, 1978) in the gross amount of $1,018.00 from which, after withholding Federal, FICA, and State taxes net wages of $772.03, and stating that Diamond Shamrock, Inc. has turned over to plaintiff $115.80, representing 15% of the net wages.

Plaintiff has moved for an order requiring Diamond Shamrock to deduct 15% of the gross compensation of defendant until the full amount of the judgment ($4,844.15) has been satisfied.

The question is whether the compulsion of the writ applies only to indebtedness owed by the garnishee to the defendant up to the time the garnishee files an answer.

With respect to the span of time during which the garnishee is required to withhold the non-exempt portion of the wages, 10 Del.C. § 4913(b) in its current form provides:

"(b) On any amount of wages due, only 1 attachment may be made. Any creditor causing such attachment to be made shall have the benefit of his priority until the judgment with costs for which the attachment was made has been paid in full."

This sub-section became law July 22, 1976, Vol. 60, Del.Laws Ch. 618. The synopsis which accompanied the Bill through its legislative course stated:

"This Bill is designed to make absolutely certain that everyone understands that an attachment need only be served once and remains until the judgment with Court costs has been paid."

It is appropriate to comment that the absolute clarity of this language appears to have been more evident to its draftsman than to this Court.

The sub-section which preceded the above-quoted language and which was enacted June 7, 1974, 59 Del.Laws Ch. 352 read:

"(b) On any amount of wages due for a stated and regular period, not exceeding one month, for the payment of such wages, only one attachment may be made; any creditor causing such attachment to be made, shall have the benefit of his priority, until attachment is paid in full. The costs, incurred in the laying of any attachment under this section, shall be paid out of the whole amount of the

wages attached. Only one lay is to be made for any attachment."

It will be noted that the 1974 statute provided that "only one attachment may be made" on wages "due for a stated and regular period, not exceeding one month," while the 1976 statute provides that "only one attachment may be made" on "any amount of wages due". In each instance, this language appears merely to be a limitation for the protection of the employer by providing that he can be required to honor only one attachment at a time. The second sentence of the 1976 statute appears in almost the same language in the 1974 statute.

The real change made by the 1976 law was to eliminate the specific reference to wages not exceeding one month. Although the 1974 statute did not specifically limit the effect of the attachment to wages for not more than one month, it could be argued that by analogy the one-month limitation applied also to the duration of the attachment. The one-month limitation was eliminated by the 1976 amendment.

10 Del.C. § 4913 is not the only statutory provision dealing with garnishment. A further provision is found in 10 Del.C. § 9549. That section was amended by Volume 60, Delaware Laws Chapter 619, as a companion Bill to the statute discussed above. The 1976 amendment provides:

"(b) The garnishee summoned on any execution, or other attachment, shall be bound to plead, or answer, concerning any credits, money or rights arising from any agreement, or contract, for personal labor, hire or services of the defendant for which he is accountable to the defendant, after he is so summoned to answer and until the judgment with costs has been paid."

The synopsis which accompanied the Bill through its legislative course stated:

"This Bill clarifies the old section which appeared to require that more than one attachment be made on a persons' [sic] wages."

The sub-section as it existed prior to the 1976 statute read:

"(b) No garnishee summoned on any execution, or other attachment, shall be bound to plead, or answer, touching any credits, money, or rights, arising from any agreement, or contract, for personal labor, hire, or service of the defendant, which came to his hands after he was so summoned to answer."

Thus, under the prior statute the garnishee was not liable under the attachment .for wages, "which came to his hands after he was so summoned to answer." In contrast to the pre-1976 statute, now the garnishee is liable for wages, etc. "for which he is accountable to the defendant, after he is so summoned to answer and until the judgment with costs has been paid." The wording of the 1976 statute appears to impose the attachment as a continuing duty on a garnishee to answer as wages become due the defendant until the judgment has been fully paid. This construction is in harmony with the stated objective of that statute.

The requirement for successive withholding by the garnishee imposes no more burden upon the garnishee than does compliance with successive attachment writs.

Diamond Shamrock, Inc. points to the specific language found in 13 Del.C. § 516 by which a wage assignment originating in the Family Court is required to continue after the assignment is filed with the employer "for so long as the defendant remains in his employ or until the Court orders otherwise." While this language is much more explicit, it does not preclude the language of 10 Del.C. §§ 4913 and 9549 from having a similar effect.

It is clear that the objectives of Chapters 618 and 619 of Volume 60, Delaware Laws are the same, namely, to assure that successive wage attachments are not required to be served on an employer in order to require the employer to continue to withhold from wages which come due thereafter until the judgment is paid. By reading the two statutes together, that objective has been accomplished.

It is noted that the writ which was served on the garnishee provided for a specific return time, namely, March 6, 1978 and did not set forth the continuing obligation of the garnishee. Because of this, the Court will defer entry of an order with respect to the pending motions until the parties can be heard as to the proper means of implementing this decision.