In re Kathryn T. BRENGLE, Debtor.

Kathryn T. BRENGLE, Plaintiff,

v.

WILMINGTON TRUST COMPANY, Defendant.

Bankruptcy No. 80-27.
Adv. No. A-80-18.

United States Bankruptcy Court,
D. Delaware.

Jan. 21, 1981.

Eric M. Doroshow, Wilmington, Del., for plaintiff.

Noel C. Burnham, Wilmington, Del., for defendant.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

This matter is before the court on cross-motions for summary judgment. The plaintiff/debtor filed a complaint against Wilmington Trust Company, defendant, seeking to permanently enjoin it from receiving property (wages) under a *fi. fa.* attachment, to have property received by defendant within the 90-day period preceding the filing of plaintiff's bankruptcy petition declared a voidable preference under 11 U.S.C. § 547(b) and returned to plaintiff, and to be awarded $5,000 punitive damages and $1,500 attorney's fees and costs.

Plaintiff owed Wilmington Trust Company as of March 20, 1979, the sum of $1,267.68 plus costs. This debt is evidenced by a judgment obtained in Justice of the Peace Court Number 13. The basis for the judgment is a note dated March 4, 1977. On October 3 and 4, 1979, a *fi. fa.* attachment issued and a garnishee summons served. As a result of that attachment there was deducted from plaintiff's wages on the following dates the following amounts: December 7, $114.69; January 7, $180.36; February 7, $60.12; March 7, $120.24; April 23, $120.24. On January 25, 1980, the plaintiff filed her bankruptcy petition.

Under § 547(b), a trustee may avoid certain transfers of property of a debtor. We must first determine whether this wage attachment meets all of the elements necessary for a trustee to avoid as a preference the deductions from plaintiff's wages. A preference is a transfer of a debtor's property to or for the benefit of a creditor for or on account of an antecedent debt owing by the debtor before the transfer was made. The transfer must have been made while the debtor was insolvent and within ninety days before the filing of the bankruptcy petition. Further, as a result of the transfer the creditor must have received more than such creditor would receive in a liquidation had the transfer not been made and such creditor shared in the proceeds of the liquidation.

Ninety days before the petition was filed was October 25. All the deductions from plaintiff's wages were made following that date. There is here the unrebutted presumption of § 547(e)(4) that the plaintiff was insolvent during all the ninety-day period. Wages earned by the plaintiff are property of the debtor and were transferred to or for the benefit of Wilmington Trust Company on its antecedent debt. Under § 547(e)(3) a transfer is not made until the debtor has acquired rights in the property transferred. What was transferred is debtor's wages to which she has no right until she has earned them.

▪ Before I discuss whether Wilmington Trust Company received more than what it would have received in a liquidation case, let us look at whether the debtor has the right to step into the trustee's shoes. She does. Consider § 522: Under subparagraph (h) the debtor may avoid the transfer of property of the debtor to the extent that the debtor could have exempted such property under (g)(1) if the trustee had avoided the transfer. Under (g)(1) the debtor may exempt (b) property the trustee could have recovered under § 547 if the transfer was not a voluntary transfer of such property by the debtor and the debtor did not conceal such property. It is obvious that a wage attachment is not a debtor's voluntary act and debtor did not attempt to conceal she was earning wages. Since it is undisputed that the debtor did not use all of the exemptions available to her, she could have exempted this cash should the trustee have been successful in an avoidance proceeding.

▪ That leaves only one question for resolution; that is, what kind of creditor is Wilmington Trust Company? Wilmington Trust Company obtained a judgment before the Justice of the Peace court. In Delaware a judgment creates a lien against real property upon its entry. It creates a lien on personal property after execution and levy upon the personal property. Wilmington Trust Company's assertion that it is a judicial lien creditor must fail as it relates to personal property. Delaware case law

has held that the delivery of the writ of execution fixes a judgment lien on personal property and that if the goods are levied on within thirty days, under a Justice of the Peace judgment, the lien is perfected. But in 1975 the Delaware Supreme Court, in *Flemming v. Thompson*, 343 A.2d 599, stated that the actual levy and not the delivery of the execution writ creates the judgment lien on property. Thus, there can be no levy on wages until they are actually in existence and earned. Wilmington Trust Company was not a perfected secured creditor within the meaning of State or Federal law. It would have been for preference purposes an unsecured creditor in a no-asset case. Therefore, the deductions from plaintiff's wages within ninety days before the bankruptcy would have resulted in defendant receiving more than it would have received in liquidation.

All elements of a preference having been met and the trustee having determined not to seek any recovery, the debtor having qualified by virtue of § 522(g)(1), (h) and (b) is entitled to those wages withheld within the ninety-day period.

As to whether the Bank showed bad faith in ignoring the stay provisions of § 362, the congressional intent is clear that the automatic stay was to stop all collection efforts, give the debtor a breathing spell. Congress also gave consideration to the fact that the automatic stay should not go on for an unreasonable period by providing methods of relief. I do not question that the Bank believed it had a lien, but reference to § 362(a)(5) reveals that all entities are stayed from any act to enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the bankruptcy case. It cannot say that it had no obligation not to recognize the stay simply because the Justice of the Peace court and a garnishee was involved. The issues it sought to have decided could have been brought before the court on a complaint for relief from stay. The defendants' failure to take any action toward halting the wage attachment was a judgment made as to the meaning of a new statute and consequently I do not find its actions or inactions such as would warrant the assessment of attorney's fees and damages.