In the Matter of Gertrude Virginia Smith CLEMMONS, a/k/a Gertrude S. Clemmons, Debtor.

UNITED STUDENT AID FUNDS, INC., a Delaware corporation, as agent for Delaware Higher Education Loan Program, Plaintiff,

v.

Gertrude S. CLEMMONS, Defendant.

Bankruptcy No. 89–21.
Adv. No. 89–58.

United States Bankruptcy Court,
D. Delaware.

Nov. 9, 1989.

Abraham Hoffman, Wilmington, Del., for plaintiff.

Paulette Sullivan Moore, Wilmington, Del., for debtor/defendant.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Gertrude Virginia Smith Clemmons is a Chapter 13 debtor. On April 19, this court confirmed her proposed plan which provided for direct payments to the holder of a mortgage and an approximate 100% payout to unsecured creditors over 60 months. United Student Aid Funds, Inc., who was scheduled as an unsecured creditor, filed a proof of claim for an unsecured debt in the amount of $6,357.30 on February 17, 1989, but did not participate in the confirmation process.

On May 18, USAF filed a motion for relief from stay on the ground that its claim, being a student loan, is exempt from discharge under 11 U.S.C. § 523(a)(8). Ms. Clemmons filed an answer and counterclaim requesting that USAF be enjoined from continuing the wage attachment, directed to return all proceeds obtained from the attachment within the 90 days preceding the bankruptcy filing and ordered to pay punitive damages and attorney's fees. USAF replied and on July 24, 1989, Ms. Clemmons filed a motion for summary judgment and moved to hold USAF's attorney in contempt under § 362(h) for violating the automatic stay provisions of § 362(a), asking for actual and punitive damages, attorney's fees, an injunction and the return of all back wages. The summary judgment motion was argued at the time of hearing on the § 362(h) motion.

Before Ms. Clemmons' bankruptcy, USAF had obtained two judgments in the Court of Common Pleas. A writ of attachment issued on the first judgment in August 1987 under which Clemmons' employer deducted from her wages and remitted to USAF's attorney the sum of $250.52 twice a month. Subsequent to the bankruptcy filing on January 13, 1989, Clemmons' counsel on several occasions requested in writing that USAF's counsel withdraw the wage attachment. He did not do

so and the attachment continued beyond confirmation of the plan. It stopped only when the payroll officer received a copy of the voluntary wage order directing payment to the Chapter 13 Trustee and decided to pay no one until the matter was straightened out. The first judgment was almost paid in full with the monies that USAF's attorney received after bankruptcy. The second judgment entered November 18, 1988, in the amount of $5,844.37 was transferred to Superior Court on November 28, 1988. No execution has issued on that judgment.

USAF asks for relief from stay to collect the balance due on the first judgment and to lay an attachment in the second judgment. USAF contends that by virtue of attaching Clemmons' wages in 1987, she no longer had any legal or equitable interest in that portion of her wages subject to attachment under Delaware law. USAF therefore argues that the automatic stay provisions of § 362(a) were not applicable to it.

Section 4913 of title 10 *Del.C.* upon which USAF relies is an exemption statute which provides that any creditor causing an attachment against wages has the benefit of his priority until the judgment with costs is paid in full. This language did not divest Clemmons of her property interest in wages earned. It merely preserved USAF's position as first garnishor without the necessity of it filing successive writs as was previously required under Delaware law to create a lien against Clemmons' wages as they became due and payable. *Delaware Trust Co. v. Hare*, 386 A.2d 1167 (Del.Super.1978).

In Delaware, a judgment creates a lien against real property upon its entry in the office of the Prothonotary. It creates a lien on personal property after execution and levy upon the personal property. Since it is the actual levy, not the judgment nor the delivery of the writ which perfects the lien on property, USAF became a perfected secured creditor as to Clemmons' wages only after Clemmons had the right to compel payment from her employer who, is

USAF's garnishee (by definition someone in possession of debtor's property). *Wilmington Trust Co. v. Barron*, 470 A.2d 257 (Del.Supr.1983); *Fleming v. Thompson*, 343 A.2d 599 (Del.Supr.1975).

Clemmons' bankruptcy filed on January 13, 1989, activated the automatic stay provisions of § 362(a). When a creditor has been notified of the filing, he has a duty to stop post-petition collection activities whether that creditor claims secured status or not. By failing to take affirmative action to stop the wage attachment, USAF was in violation of those provisions of § 362(a) which prohibits any action against a debtor relating to the collection of a pre-petition debt as well as those that prohibit any act against property of the estate. Under § 1306 of title 11, United States Code, the estate created upon the bankruptcy filing includes earnings from services performed after the commencement of the case. Here, USAF had actual knowledge of the bankruptcy but chose to take no action. Failure to act constitutes a willful violation of § 362(a).

USAF argues further that because Clemmons' substantial income permitted a $250.52 deduction twice a month in comparison to the $181.61 per month payment under the plan, the plan was not proposed in good faith but to evade her obligation to pay student loans. Aside from the fact that USAF is precluded from attacking the plan because of having failed to take any action during the course of the confirmation process, the plan provides for a 100% payout to unsecured creditors. *In re: Fred J. Szostek, Denise M. Szostek, Appellants*, 886 F.2d 1405, 1408 (3rd Cir.1989). USAF chose to file a claim for an unsecured debt despite the fact that the second judgment is a lien upon real estate. Having done so, the provisions of the confirmed plan bind USAF. Upon confirmation, all property of the estate vested in Clemmons free and clear of any claim or interest of any creditor provided for by the plan. 11 U.S.C. § 1328.

Although the plan referred to an "approximate" 100% payout to unsecured creditors over a period of 60 months, only the two creditors who filed claims totalling $6,476.95 share the $163.45 per month available for distribution to unsecured creditors. Thus, the full amount of USAF's claim will be paid in less than 60 months. If and when that happens, Clemmons will be entitled to a Chapter 13 discharge which discharges all debts provided for by the plan including student loan obligations.

In her counterclaim, Clemmons asks for the return of pre-petition deductions from her wages taken within the 90 days preceding bankruptcy. Apparently, this is based upon the holding of *Brengle v. Wilmington Trust Co.*, 10 B.R. 360 (Bankr.D. Del.1981), an action brought under 11 U.S.C. § 547. Clemmons did not plead a preference action. However, in light of the fact that there was a violation of § 362(a) and § 362(h) provides for the imposition of actual and punitive damages for willful violation, the court will direct that not only must USAF's attorney account for all funds withheld from debtor's pay subsequent to the bankruptcy filing but also account for the funds that were withheld in the 90 days immediately preceding bankruptcy. Additionally, USAF's attorney shall be responsible for reimbursing the debtor for attorney's fees and costs attributable to USAF's motion for relief.

Inasmuch as USAF chose to be treated as an unsecured creditor within the confirmation process, it is bound thereby and has no basis for relief from stay to execute on the second judgment. Consequently, that motion must be denied.

An order in accordance with this Memorandum Opinion is attached.

### ORDER

AND NOW, November 9, 1989, for the reasons stated in the attached Memorandum Opinion,

IT IS ORDERED THAT:

1. There being no dispute as to any material fact, Defendant/Clemmons' motion for summary judgment is GRANTED and Plaintiff USAF's motion for relief from stay is DENIED.

2. Defendant/Clemmons' motion under § 362(h) of title 11, United States Code, is GRANTED and Plaintiff's attorney shall account for and turnover all funds withheld from Defendant/Clemmons' wages and remitted to him subsequent to October 14, 1988, within 20 days of this order.

3. Plaintiff's attorney shall reimburse Defendant/Clemmons for attorney's fees and costs attributable to this action within 20 days of the filing and service of Defendant/Clemmons' bill of costs.