In the Matter of Harold MARVEL
and S. Jean Marvel, Debtors.

Harold MARVEL and S. Jean
Marvel, Plaintiffs,

v.

Hiram N. LASHER, Defendant.

Bankruptcy No. 90–468.

Adv. No. 90–94.

United States Bankruptcy Court,
D. Delaware.

March 10, 1992.

Francis A. Monaco, Jr., Wilmington, Del., for plaintiffs.

Benjamin F. Shaw, III, Georgetown, Del., for defendant.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

In this adversary proceeding, Hiram N. Lasher moves for summary judgment on Counts I and II of the amended complaint of Harold and S. Jean Marvel, the debtors. The Marvels have cross-moved for summary judgment on these counts. This court previously granted Lasher's motion for summary judgment on Count III. *Marvel v. Lasher*, 129 B.R. 27 (Bankr.D.Del. 1991). This is a core proceeding. 28 U.S.C. § 157(b)(2)(B) & (K) (1988).

### I. *Facts*

■ In considering a motion for summary judgment, the court views the record in the light most favorable to the non-movant, and determines whether the movant is entitled to judgment as a matter of law. Here, where there are cross-motions for summary judgment, each motion must be considered separately, and both motions will be denied if material issues of fact exist. *E.g., Wausau Ins. Co. v. Valspar Corp.*, 594 F.Supp. 269, 270 (E.D.Ill.1984). Applying these principles here, the following undisputed facts are sufficient to resolve the cross-motions.

On March 21, 1987, the Marvels executed a note in the amount of $150,000 in favor of Lasher. The note contained a confession of judgment clause that waived the Marvels' rights to process before entry of judgment. On June 9, 1989, Lasher commenced a proceeding in Superior Court for the State of Delaware to confess judgment against the Marvels for principal and interest due. Notice to the Marvels was provided. They retained D. Stephen Parsons, Esquire to represent them in this proceeding.

On November 22, 1989, the Honorable William S. Lee of Superior Court heard

Lasher's motion to approve a Stipulation For Making Tentative Judgment Final. Richard F. Stokes, Esquire appeared on behalf of Lasher. Parsons appeared for the defendants. Harold Marvel also personally appeared. During the proceedings, he addressed Judge Lee and admitted he owed the money. The Marvels raised no objections. Judge Lee found that no objections had been raised, that there was no reason not to approve the Stipulation, and did so. The Superior Court's order granted judgment for Lasher in the amount of $147,699.29 in principal, pre-judgment and post-judgment interest, attorney's fees and costs.

In March, 1990, Lasher filed a praecipe with Superior Court directing the Sheriff of Sussex County to "levy upon and sell goods and chattels." On March 14, Superior Court issued a writ, and on April 19, the Sheriff seized both personal and real property of the Marvels. A sale was scheduled for June 27, 1990. The Marvels filed their Chapter 11 petition the day before.

On April 17, 1991, the Marvels filed their amended complaint in this adversary proceeding. Count I asserts that the Marvels did not voluntarily, knowingly, and intelligently execute the waiver of rights contained in the note, and requests that the November 22, 1989 judgment be invalidated. The complaint does not allege that the Marvels have any defenses to the underlying note.

Count II asserts that even if the judgment is valid, that Lasher did not comply with state law in attempting to perfect his lien upon the Marvels' personal property. Count II seeks to avoid this lien pursuant to 11 U.S.C. § 544.

II. *Discussion*

A.  Lasher is entitled to summary judgment on Count I.

In connection with Count I, the threshold issue, and the only issue that need be discussed, is whether the doctrine of *res judicata* bars the Marvels from litigating here the issues that might serve as a defense to the state judgment. The Marvels correctly state that the Full Faith and Credit Act, 28 U.S.C. § 1738 (1988), requires this court to give the State of Delaware Court judgment the same full faith and credit here it would receive in a Delaware Court. *See Parsons Steel. Inc. v. First Alabama Bank*, 474 U.S. 518, 525, 106 S.Ct. 768, 772, 88 L.Ed.2d 877 (1986).

Delaware law provides that *res judicata* gives conclusive effect to a final judgment on the merits. *Res judicata* also applies to defenses which were not raised, but which could have properly been considered and determined in the prior action. *State v. Phillips*, Del.Ch., 400 A.2d 299, 307 (1979), *aff'd Phillips v. State, ex rel. Dept. of Nat. Res.*, Del.Supr., 449 A.2d 250 (1982). Thus, in the context of Lasher's motion for summary judgment on Count I, the question becomes whether the Marvels could have requested a hearing on the merits of Lasher's Superior Court action, and whether the Superior Court would have had jurisdiction to adjudicate such an issue.

The Marvels actually concede these two points. They acknowledge the Delaware procedures that provide procedural safeguards for the protection of the constitutional rights of the signor of a promissory note containing a confession of judgment clause, and that Superior Court has jurisdiction to consider such issues. Section 2306(b) of Title 10 of the Delaware Code states:

A judgment by confession shall not be entered as a final judgment [until the defendant-obligor receives notice] of an opportunity for a judicial determination as to whether the defendant-obligor understandingly waived his right to notice and an opportunity to be heard prior to the entry of final judgment against him.

*See also* Superior Court Civil Rule 58.1 (prescribing procedures the Prothonotary must follow to provide debtor with adequate notice).

Section 2306(j) further provides the debtor with an opportunity post-judgment to raise defenses "of which he had no knowledge at the time he signed the [note]," or "which arose subsequent to the signing."

This subsection does not, however, as the Marvels suggest, create an additional opportunity to raise issues within the scope of section 2306(b). Section 2306 complies with due process. *Cheidem Corp. v. Farmer,* Del.Super., 449 A.2d 1061, 1064 (1982).

The Marvels, represented by counsel, actually availed themselves of some of these protections. They appeared at the November 22, 1989 hearing contemplated by section 2306(b), had a full opportunity to object to the validity of the waiver contained in the note, and to what at that time was merely an alleged debt. *See* 449 A.2d 1061. They chose not to object to the entry of an order approving the Stipulation of Judgment.

The cases the Marvels cite for the proposition that a bankruptcy court may examine the validity of a debtor's waiver of procedural rights are inapposite here. Even assuming that the Marvel's legal characterization of those cases is correct, those cases dealt with confession of judgment statutes that did not allow for an opportunity to raise the waiver issue.

Thus, Delaware Courts would give *res judicata* effect to the Superior Court judgment and this court must do the same. The judgment precludes the Marvels from raising here the issues subsumed in Count I.

### B. *Lasher is entitled to Summary Judgment on Count II.*

In Count II, the Marvels seek to invoke 11 U.S.C. § 544(b) to avoid a purported lien Lasher has placed upon their personalty. That section states: "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law...." *Id.* A debtor-in-possession must show several elements to succeed under this subsection. Within the context of the cross-motions here, however, only one need be examined—the Marvels' contention that Lasher's lien on their personalty was not properly perfected under Delaware law.

The Marvels focus on the fact that the Sheriff levied upon both personalty and realty and noticed a sale of both. It should be observed the notice of sale required the sale of Marvels' personalty first, and that "immediately after" this sale, proposed the sale of realty.

Legally, the Marvels focus upon 10 *Del. Code* § 4901, which states:

Lands, tenements and hereditaments and all right of dower and courtesy therein when no sufficient personal estate found may be seized and sold upon judgment and execution obtained.

*Id.* The Marvels reason that under § 4901, the Sheriff's lien of execution upon their realty was defective, and that this defect somehow carries over to the Sheriff's lien of execution upon their personalty. No cases have been cited in support of either proposition. The Marvels also cite 10 *Del.C.* § 5081, which prescribes precisely when execution binds personalty, however, they do not allege any non-compliance with any of its terms.

Assuming that the Marvels are correct that the lien of execution upon realty was defective, the court does not agree with their novel argument that this defect would carry over to the lien upon their personalty. Section 4901 overruled prior common law that real estate could not be used to satisfy debts. *Smith v. Ford,* Del.Supr., 35 Del. 175, 178, 161 A. 214, 216 (1932). Nothing in the evolution of this section indicates it was intended to limit the execution of personalty to satisfy a debt. *Id.; Comegys v. Phillips,* Del.Super., 45 Del. 71, 69 A.2d 294 (1949).

Here, Lasher filed a praecipe relating to the Marvels' personalty, the Superior Court issued a writ of execution, and the Sheriff did levy upon this personalty. Section 5081 does require that: "[a]n execution shall not bind goods and chattels until it is delivered to the sheriff," however, the Marvels have not raised an issue of fact as to this last element of perfection. Thus, Lasher's lien was perfected when the Sheriff levied upon the personalty. *Flemming v. Thompson,* Del.Supr., 343 A.2d 599 (1975).

### III. *Conclusion*

For the reasons stated, Lasher's motion for summary judgment on Counts I and II is granted.

An order in accordance with this Memorandum Opinion is attached.

### ORDER

AND NOW, March 10, 1992, for the reasons stated in the attached Memorandum Opinion,

IT IS ORDERED THAT:

1. The motion of Hiram N. Lasher for summary judgment on Counts I and II of the Marvels' complaint is GRANTED.

2. The motion of Harold and S. Jean Marvel for summary judgment on Counts I and II of their complaint is DENIED.