**In re STANLEY'S ASPHALT PAVING, INC., Debtor.**

**No. 03–13610 (MFW).**

United States Bankruptcy Court, D. Delaware.

Oct. 13, 2006.

James B. Tyler, III, Georgetown, DE, for Debtor.

**MEMORANDUM OPINION[1]**

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Trustee's Second Omnibus Objection to Claims asserting

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, which is made applicable

that the secured claim filed by Charles and Frances Barker ("the Barkers") must be reclassified as a general unsecured claim. The Barkers oppose the Objection and assert they had a valid perfected security interest in the Debtor's truck by virtue of a judgment and sheriff's levy on the vehicle. For the reasons stated below, the Court will deny the Objection in part and will allow the Barkers' claim as a secured claim to the extent of the value of the truck.

## I. BACKGROUND

On or about December 10, 2002, Stanley's Asphalt Paving, Inc. (the "Debtor") purchased a 2003 Chevy C4500 dump truck with VIN number 1GBC4E1153F502658 (the "Truck") for a purchase price of $32,000. The Debtor borrowed $32,025 from First National Bank of Wyoming (the "Bank") to purchase the Truck and executed a security agreement in favor of the Bank at the time of the purchase. The Bank's lien, however, was not noted on the Truck's title at that time.

On January 14, 2003, the Barkers obtained a judgment in the Superior Court of the State of Delaware against the Debtor in the amount of $83,170.07. On April 22, 2003, the Sheriff of Kent County (the "Sheriff") levied on certain of the Debtor's property, including the Truck. The Sheriff scheduled a sale of that property for September 16, 2003. When the Debtor failed to produce the property subject to the levy for the scheduled sale, the Superior Court entered an Order on October 31, 2003, directing the Debtor to produce, *inter alia*, the Truck. The Truck was impounded on that day and delivered to a custodian, where it was held pending the rescheduled sale.

On November 18, 2003, the Bank perfected its lien in the Truck by having it listed on the title to the Truck. On November 25, 2003 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code. Alfred T. Giuliano (the "Trustee") was appointed the chapter 7 trustee.

On October 19, 2004, the Trustee filed a complaint against the Bank to avoid its security interest in the Truck. The Bank conceded that its lien had been perfected within ninety days of the Petition Date and that it was avoidable under section 547 of the Bankruptcy Code. The Bank delivered the Truck title to the Trustee. Thereafter, the Trustee amended his Complaint to name the custodian of the Truck as a defendant and ultimately obtained possession of the Truck.

On December 23, 2004, the Trustee filed a Motion to sell the Truck along with other vehicles owned by the Debtor. The Barkers objected to the sale, asserting a lien on the Truck. The Court authorized the sale, with the Barkers' lien, if any, to attach to the proceeds of the sale. The Truck was sold for $20,000.

On July 21, 2006, the Trustee filed the Second Omnibus Objection to Claims which sought to reclassify the Barker claim as a general unsecured claim. The Barkers responded and a hearing was held on August 23, 2006. The Court asked for post-hearing briefing which has now been filed. The matter is ripe for decision.

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 & 157(b)(2)(A), (B), (C), (K), & (O).

to contested matters by Rule 9014 of the Federal Rules of Bankruptcy Procedure.

## III. *DISCUSSION*

The Trustee asserts that the Barkers did not have a perfected lien on the Truck as of the Petition Date because their lien was not reflected on the vehicle's certificate of title. He asserts that the only way a lien can be perfected on a vehicle is by a notation on the certificate of title. *See* Del.Code Ann. tit. 6 § 9–303 & tit. 21 § 2331 (2006). *See also Associates Commercial Corp. v. Trim–Lean Meat Prods., Inc. (In re Trim–Lean Meat Prods.),* 5 B.R. 190, 191 (Bankr.D.Del.1980) (concluding that lender did not have perfected security interest in tractor where no certificate of title was ever issued on which its lien could be reflected). He asserts that the need for notation on the certificate of title is evident from the Bank's actions. When it realized it had not perfected its security interest, the Bank took steps (albeit too late) to get its lien noted on the certificate of title. The Trustee asserts that the Barkers should have done the same.

■ The Barkers disagree. They argue that the Trustee cites only the method of obtaining a consensual lien on a vehicle and ignores the fact that a party can obtain a non-consensual lien on a vehicle under Delaware law. *See, e.g.,* Del.Code Ann. tit. 10 § 3901 (2006) (granting security interest to garage owner in possession of vehicle); Del.Code Ann. tit. 10 § 4002 (2006) (granting security interest to custodian of abandoned property).

In fact, the Barkers argue that under Delaware law they had a perfected lien in the Truck as of the Petition Date. Specifically, they assert that they obtained a perfected lien on the Truck on April 22, 2003, when the Sheriff levied on it.

■ The Court agrees with the Barkers. The relevant Delaware statute provides that "[a]n execution shall not bind goods and chattels until it is delivered to the Sheriff ... to be executed. An execution shall, from the time it is so delivered, bind all the goods and chattels of the Defendant within the bailiwick, which shall be actually levied upon...." Del.Code Ann. tit. 10 § 5081 (2006). The lien created is effective only upon actual levy by the sheriff and remains valid for three years. *Id. See, e.g., Flemming v. Thompson,* 343 A.2d 599, 600 (Del.1975) (concluding that lien was only effective when sheriff actually levied on the personal property); *State v. Fisher,* 1996 WL 659471 (Del.Super.1996) (noting that lien was perfected upon levy by sheriff and gave judgment creditor priority over all subsequent liens for a period of three years); *Cochran v. Clements,* 183 A. 632, 634 (Del.Super.1936) (concluding that upon levy, sheriff obtains rights in the property which prevent the judgment debtor from selling the property). *See generally* 2 Woolley on Delaware Practice §§ 992, 1014, 1034 (1906).

■ Furthermore, there is no question that a sheriff may levy on a motor vehicle, thereby creating a lien on that vehicle. *See, e.g., Flemming,* 343 A.2d at 599 (dealing with sheriff's levy on a mobile home); *Phillips v. Siano,* 2000 WL 33115824 (Del.Super.2000) (concluding that sheriff's levy on truck was superior to title of subsequent purchaser who had constructive, if not actual, notice of the levy). Cf. *In re Collins,* 234 B.R. 88, 91 (Bankr.W.D.Mo. 1999) (holding that Missouri law allowed sheriff to levy on motor vehicles). That is exactly what occurred in this case. The Truck was levied upon by the Sheriff on April 22, 2003, at which time the lien attached and became perfected. Therefore, as of the Petition Date, the Barkers had a perfected lien on the Truck.

■ Furthermore, that lien is not avoidable by the Trustee. Under section 544(a), the Trustee, as a hypothetical judi-

cial lien creditor who has executed on the debtor's property, could avoid any lien of a judgment creditor which had not yet been perfected. *See, e.g., In re Downey,* 261 B.R. 124, 128 (Bankr.D.N.J.2001). However, the Trustee's position is inferior to any judgment creditor that has perfected its lien by having the sheriff levy on the debtor's personal property. *See, e.g., Collins,* 234 B.R. at 94 (concluding that judgment creditor's lien was superior to trustee's position under section 544 because "when the Sheriff levied upon the debtor's vehicles by taking possession of them, a perfected lien was created in those vehicles giving [the judgment creditor] priority against subsequently arising liens in the same property"); *In re Marvel,* 138 B.R. 451, 453 (Bankr.D.Del.1992) (concluding that trustee could not use section 544 of the Bankruptcy Code to avoid lien which was perfected under Del.Code Ann. tit. 10 § 5081 by sheriff's levy on personal property). Because the Barkers perfected their lien pre-petition (and long before the preference period), the Court concludes that the Trustee may not avoid their lien.

## IV. *CONCLUSION*

For the foregoing reasons, the Court concludes that the Barkers had a perfected security interest under Delaware law in the Truck as of the Petition Date. Therefore, the Trustee's objection will be overruled in part and the Barkers' secured claim will be allowed in the amount of $20,000 (the price at which the Truck was sold).[2]

An appropriate order is attached.

2. The Barkers are also entitled to any interest the Trustee may have earned on the sale proceeds.