SUPERIOR COURT
OF THE
STATE OF DELAWARE

Jeffrey J Clark

Judge

Kent County Courthouse

38 The Green

Dover, DE 19901

Telephone (302)735-2111

November 10, 2016

Steven Schwartz, Esq.
Schwartz & Schwartz
1140 South State Street
Dover, DE 19901

Annaliese Schlegel
39 Par Haven Drive
Apartment E-22
Dover, DE 19904

> RE: **William F. Patterson v. Annaliese Schlegel**
> **K16J-01-269 JJC**

Dear Mr. Schwartz & Ms.Schlegel:

Before the Court is Plaintiff William Patterson's (hereinafter "Mr. Patterson's") motion to levy upon and sell 39 Par Haven Drive, Apartment E22, Kent County, Delaware. Mr. Patterson is the legal owner of the property. Defendant Annaliese Schlegel (hereinafter "Ms. Schlegel") is the equitable owner of the property pursuant to an installment purchase agreement with Mr. Patterson. Ms. Patterson opposes the motion because she contests the validity of the underlying judgment. The Court has considered Mr. Patterson's motion, the arguments of Mr. Patterson and Ms. Schlegel presented at the motion hearing, and the letter and documents submitted by Ms. Schlegel.

From the record, it appears that Mr. Patterson sought and obtained a judgment in the Kent County Court of Common Pleas against Ms. Schlegel for unpaid amounts due pursuant to the installment purchase agreement covering the subject matter

property. He seeks to execute on a judgment transferred to the Superior Court from the Court of Common Pleas by levying upon and selling Ms. Schlegel's equitable interest in the property.

In furtherance of execution, Mr. Patterson served interrogatories in aid of execution to identify what personal property Ms. Schlegel possesses that is available to satisfy the outstanding judgment. Mr. Patterson argues that since Ms. Schlegel did not answer the discovery in aid of execution served on her on August 29, 2016, it should be presumed that she has no personal property available to satisfy the judgment. Accordingly , pursuant to 10 *Del. C.* § 4901, Mr. Patterson seeks to execute on Ms. Schlegel's equitable interest in the condominium.

Mr. Patterson cites *Lawyer's Title Ins. Corp. V. Wohlhar & Gill, P.A.*[1] in support of the proposition that a lien of judgment can bind an executory interest in land subject to an installment contract and that such interest may be sold as would a legal interest in real property. *In Lawyer's Title Ins. Corp.*, the Delaware Supreme Court recognized that "it is settled Delaware law that all possible titles to real estate, equitable, contingent, or otherwise are subject to sale upon judgment and execution, except an equitable interest under an active trust."[2] The latter exception is not implicated here.

Ms. Schlegel argues that the underlying judgment was in error and claims she was taken advantage of by Mr. Patterson during the underlying deal. The written materials she submitted at oral argument advance the same argument. This Court, however, cannot collaterally revisit a valid judgment entered by another court. Namely, the Court of Common Pleas entered a valid judgment on behalf of Mr. Patterson. That judgment was appropriately transferred to the Superior Court. Ms. Schlegel has not provided any justification for setting that judgment aside. This Court is not able to disturb the underlying judgment.

---

[1] 575 A.2d. 1148 (Del. 1990).

[2] *Id.* at 1153.

Here, absent the availability of sufficient personal property to satisfy the outstanding judgment, Ms. Schlegel's equitable interest in the property would be subject to execution. At this juncture, however, the Court finds Mr. Patterson's motion to execute on the real property premature. Real property is subject to seizure and sale upon judgment, only if an insufficient personal estate is available.[3]

Ms. Schlegel did not respond to Mr. Patterson's interrogatories seeking to determine what personal property she possesses that would be subject to execution. The Court is mindful that Ms. Schlegel appears *pro se* and exhibited a great deal of confusion regarding the legal process at hand. The Court does not find her delay in responding to Mr. Patterson's interrogatories in aid of execution to establish she has no personal property available that would be subject to execution.

On the other hand, Ms. Schlegel has the legal obligation to respond to the reasonable efforts of Mr. Patterson to execute on his valid judgment. A judgment-creditor, however, must avail himself or herself of the proper mechanisms for execution which include compelling responses regarding available assets.[4] Superior Court Civil Rule 69(aa) and other Superior Court Civil Rule provisions provides the discovery mechanisms necessary for Mr. Patterson to compel responses to his valid discovery. Accordingly, Mr. Patterson's motion to execute upon and sell real estate is premature. Mr. Patterson's motion is denied without prejudice, to be renewed should there be insufficient personal property available to satisfy his judgment.

**IT IS SO ORDERED**

/s/Jeffrey J Clark
Judge

JJC:jb
*Via file & Serve Xpress*

---

[3] *Id.*; *See also Smith v. Ford*, 161 A. 214, 217 n. 1 (Del. 1932)(noting that seizing and selling real estate only after the seizure and sale of the personal property levied upon is what was contemplated by the precursor to 10 *Del. C.* § 4901).

[4] *Comegys v. Phillips,* 69 A.2d 294, 295 (Del. Super. 1949).

3